■ ANTHONY ZATORSKI, Appellant, v. LOUIS H. KLEIN, Doing Business as MODERN TRACTOR COMPANY, Respondent.— In an action to recover damages for personal injuries sustained by plaintiff as a result of defendant's negligence in maintaining a winch on its trailer truck, plaintiff appeals: (1) from an order of the Supreme Court, Suffolk County, dated May 11, 1959, denying his motion to restore the action to the calendar for trial; and (2) from an order of said court, dated September 15, 1959, denying his motion for reargu-

ment or, in the alternative, for reconsideration of said motion on additional proof. Order of September 15, 1959, insofar as it denies the motion for reconsideration of the original motion on additional proof, reversed, without costs; motion for reconsideration granted; and on reconsideration the dismissal of the action is vacated and the action is restored to the calendar for trial. Appeal from so much of said order as denies reargument, dismissed, without costs. An order denying reargument is not appealable. Appeal from the order of May 11, 1959, dismissed, without costs, as academic. The record shows indisputably that on March 11, 1959, the date the default was suffered in the Supreme Court, Suffolk County, plaintiff's trial counsel was actually engaged in the Supreme Court, Nassau County; and that his default in Suffolk County was neither willful nor intentional. Under the circumstances, it was an improvident exercise of discretion to dismiss the action and thereafter to deny the application to vacate the dismissal. Beldock, Acting P. J., Christ, Pette and Brennan, JJ., concur.