# (January 18, 1983)

■ 1015 GERARD REALTY CORP., Appellant, v A & S IMPROVEMENTS CORP., et al., Respondents. — Order of the Supreme Court, Bronx County (Callahan, J.) entered February 18, 1982, unanimously reversed, to the extent appealed from, on the law, and the first affirmative defense of champerty interposed by defendants 1015-1025 Gerard Corp., and Phyllis Greenwald dismissed with costs. Plaintiff, the owner and holder of a consolidated mortgage on premises 1015-1025 Gerard Avenue, Bronx, New York, commenced an action to foreclose it. Defendant 1015-1025 Gerard Corp., the owner of the premises, and Phyllis Greenwald, the holder of the third mortgage thereon, interposed a single answer containing four affirmative defenses. Plaintiff thereupon moved to dismiss the affirmative defenses and for summary judgment. Special Term granted the motion as to the second, third and fourth defenses. However, it denied so much of the motion as sought to dismiss the first defense and summary judgment with leave to renew after completion of discovery. Thereupon plaintiff appealed from so much of Special Term's order as denied dismissal of the first defense. Plaintiff is a corporation owned and controlled by the Yalkowsky brothers, both of whom are attorneys. It is alleged that at the time the consolidated mortgage was acquired by plaintiff it was in default and was acquired for the purpose of compelling defendants 1015-1025 Gerard Corp. or Greenwald or both to pay substantially more than the worth of the mortgage

for an assignment thereof, or to foreclose it. Thus, the first affirmative defense alleges that the mortgage was acquired by plaintiff "under champertous circumstances and in violation of the Judiciary Law §§ 488, 489, and that by reason thereof, the plaintiff is barred from prosecuting the within action". Subdivision 1 of section 488 of the Judiciary Law prohibits an attorney from purchasing or, by assignment, acquiring an interest in any "bond, promissory note, bill of exchange, book debt, or other thing in action, with the intent and for the purpose of bringing an action thereon". While it is true that the mortgage was in default at the time of its acquisition by plaintiff, plaintiff, after its acquisition notified the owner of the property of the specific defaults in payment of principal, interest, escrow payments, real property taxes and the failure to provide proof of insurance. Although it could have, under the terms of the mortgage, declared the whole of the principal immediately due and owing, it did not do so. To the contrary, it gave the owner of the premises an opportunity to cure the defaults. Only when it failed to do so was this foreclosure proceeding instituted. The leading case interpreting the champerty statute (actually a predecessor statute to § 488) is *Moses v McDivitt* (88 NY 62). Although decided 100 years ago, it still remains good law. It holds that (p 65), for the statute to be applicable, "the primary purpose of the purchase [by the attorney] must be to enable him to bring a suit, and the intent to bring a suit must not be merely incidental and contingent". That the purpose in purchasing the mortgage was not to bring suit is evident from the offer of plaintiff to permit the defaults to be cured. Although always present was the intent to bring suit, if necessary, that was not the primary intent. Hence, there was no transgression of the statutory limitation and the defense has no viability. It must, therefore, be stricken. Concur — Murphy, P. J., Ross, Bloom, Lynch and Kassal, JJ.