■ LIMPAR REALTY CORP., Appellant, v USWISS REALTY HOLDING, INC., et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County (Richard W. Wallach, J.), entered January 15, 1985 denying plaintiff's motion for summary judgment on its complaint, unanimously reversed on the law, with costs, judgment of foreclosure granted, the affirma-

tive defense of Judiciary Law § 489 dismissed, and the action is remanded to Special Term to appoint a referee to compute.

On September 2, 1982, defendant Uswiss Realty Holding, Inc. (Uswiss) gave General Electric Credit Corporation (GECC) a mortgage to secure a $1,750,000 note, payable to GECC, guaranteed by defendant Nova Park A.G. Uswiss defaulted on the note when it missed its monthly payments of $24,679, which were due on January 1, February 1 and March 1, 1984.

On March 2, 1984, in accordance with the terms of the note and mortgage, GECC sent Uswiss a notice of default and acceleration of the principal balance of $1,730,000, plus interest, charges and expenses. Simultaneously, GECC sent Nova Park a demand that it make payment of said amounts under its unconditional guarantee.

On March 7, 1984 GECC assigned the note, mortgage and guarantee to plaintiff, receiving two certified bank checks payable to GECC in the total amount of $1,801,397.

Moreover, there was additional evidence of a default by Uswiss, which had conveyed title to the premises seven days after the notice of default. That conveyance to Medco Equipment Sales Corp. violated provisions of the mortgage requiring the mortgagee's consent for transfer.

Plaintiff commenced this foreclosure action on April 3, 1984. Defendants' answers admitted nonpayment of the January through March 1984 installments and the accelerated balance.

On plaintiff's motion for summary judgment in August 1984, which also sought appointment of a referee to compute, pursuant to RPAPL 1321, and amendment of the caption to correct the spelling of Bush Waterproofing Co., Inc., to Brisk Waterproofing Co., Inc., a lienor, and to delete the names of the John Doe defendants, defendants stipulated to dismiss, discontinue with prejudice and/or sever all affirmative defenses and cross claims except the affirmative defense of estoppel based upon plaintiff Limpar's alleged violation of Judiciary Law § 489, premised upon plaintiff's acquisition of the mortgage from GECC for the alleged purpose of bringing this foreclosure action.

Defendant contends that plaintiff's commencement of the foreclosure action 27 days after it had acquired the mortgage without any effort to have the defaults cured establishes prima facie a case of violation of the statute.

Judiciary Law § 489 prohibits a corporation or collection agency from "buying or taking an assignment of a bond, promissory note, bill of exchange, book debt, or other thing in

action, or any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon".

"To constitute the offense the primary purpose of the purchase must be to enable him to bring a suit, and the intent to bring a suit must not be merely incidental and contingent." (*Moses v McDivitt,* 88 NY 63, 65.)

It is undisputed on the record that plaintiff was acting as nominee for Realty Investment Associates (Realty), which had been assembling, during the preceding year, other property on the block via two other realty companies. For example, on May 4, 1983, Realty, through its authorized nominee, Sandpath Realty Corp., acquired title to 4 and 6 West 56th Street. On August 18, 1983, Realty, through its authorized nominee, Marcol Realty Corp., acquired title to 8 West 56th Street. And on March 7, 1984, Realty, through its authorized nominee, Limpar Realty Corp. (plaintiff), acquired the subject mortgage encumbering 10 West 56th Street.

Special Term held there was a triable issue as to "the dominant motive for acquisition of the mortgage", apparently premised upon the failure of plaintiff to afford defendants an opportunity to cure, as in *1015 Gerard Realty Corp. v A & S Improvements Corp.* (91 AD2d 927). We disagree.

In *Gerard (supra)* summary judgment was granted dismissing the affirmative defense of champerty upon the basis that the plaintiff had not immediately exercised its right of acceleration upon acquiring the mortgage but rather had afforded the mortgagor notice of default and an opportunity to cure. In that case there was no proof of a previously commenced real estate assemblage or any other business purpose. Moreover, the mortgage and note had not been accelerated prior to its acquisition

Here, the mortgage and note had already been accelerated at the time of plaintiff's acquisition. There was no obligation on plaintiff to undo the notice of acceleration. During the month before this action was begun, defendants, knowing full well that they were in default, could have tendered or made payment of the amounts in arrears. Their undisputed failure to make any payments in the last 18 months demonstrates the invalidity of their claim that they should have been given an opportunity to cure. They still can do so.

Under the circumstances, the history of the Realty Investment Associates *assemblage* demonstrates a legitimate business purpose, not a token. There is no violation of Judiciary Law § 489, which is "violated only if the primary purpose of

the taking by assignment was * * * to commence a suit" and not "where some other purpose induced the purchase, and the intent to sue was merely incidental and contingent." (*Goldstein v Thirlex Realty,* 91 Misc 2d 851, 853.)

Defendants' contention that it is entitled to an opportunity for disclosure (CPLR 3212 [f]) is without merit. There is no showing that such disclosure would provide a basis for the asserted defense. It is patently made merely for purposes of delay while defendants occupy prime space without cost and without remedying their default. Concur—Sullivan, J. P., Carro, Fein, Milonas and Ellerin, JJ.