■ GRID REALTY CORP., Respondent, v PANAGIOTIS GIALOUSAKIS et al., Appellants, et al., Defendants.—In an action by the assignee of a first mortgage to foreclose that mortgage, the defendants Panagiotis Gialousakis and Kalliopi Gialousakis appeal from a judgment of the Supreme Court, Nassau County (Christ, J.), entered October 28, 1985, which, *inter alia,* granted the plaintiff's motion for summary judgment and appointed a Referee to proceed with the foreclosure.

Ordered that the judgment is affirmed, with costs.

Special Term properly dismissed the first and third affirmative defenses set forth by the defendants Panagiotis Gialousakis and Kalliopi Gialousakis. Dismissal of the other affirmative defenses is not before the court on this appeal.

With respect to the first affirmative defense, the fact that the president of the plaintiff corporation served the summons in this action does not vitiate that service *(see, Outdoor Supply Co. v Westhome Sec. Corp.,* 140 Misc 48). With respect to the third affirmative defense, the court properly found that there was no violation of Judiciary Law § 489 by the assignment to the plaintiff of the mortgage upon which it seeks to foreclose. This statute is violated " 'only if the primary purpose of the taking by assignment was * * * to commence a suit' " *(Limpar Realty Corp. v Uswiss Realty Holding,* 112 AD2d 834, 836-837; *see also, Fairchild Hiller Corp. v McDonnell Douglas Corp.,* 28 NY2d 325, 330). The appellants' affirmative defense that the assignment to the plaintiff is champertous was not supported by admissible evidence, sufficient to require a trial of material questions of fact, in order to withstand the plaintiff's motion for summary judgment *(see, Platzman v American Totalisator Co.,* 45 NY2d 910, 912). A reading of the record makes it clear that the champerty defense was set forth for purposes of delay *(see, Limpar Realty Corp. v Uswiss Realty Holding, supra,* at 837). Brown, J. P., Niehoff, Sullivan and Harwood, JJ., concur.