■ CARTERET SAVINGS BANK, F. A., Respondent, v EAST-WEST ASSOCIATES LIMITED PARTNERSHIP et al., Appellants, et al., Defendants. HRH CONSTRUCTION CORPORATION, Intervenor-Ap-

pellant.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 30, 1988, which, *inter alia,* granted plaintiff's motion for summary judgment of foreclosures, unanimously modified, on the law and the facts, to the extent of vacating the court's directive that defendant-appellant Jacobo Finkielstain appear for deposition, and otherwise affirmed, without costs.

It was error for the court to have granted plaintiff's motion to examine defendant Finkielstain for the purpose of establishing sufficient grounds to move for an order of attachment against said defendant. The clear language of CPLR 6220 provides that: *"[A]fter the granting of an order of attachment* and prior to final judgment in the action, upon such notice as the court may direct, the court may order disclosure by any person of information regarding any property in which the defendant has an interest, or any debts owing to the defendant" (emphasis added). Thus, in order to obtain discovery pursuant to CPLR 6220, "there must be a valid attachment outstanding at the time disclosure is sought". (7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6220.02.)

Here, plaintiff has neither obtained nor moved for an order of attachment against Finkielstain, and its motion for discovery should therefore have been denied as premature. Plaintiff's argument before this court that the discovery it seeks is obtainable under the provisions of CPLR 3101 (a) is unavailing in light of the fact that plaintiff neither sought, nor was accorded, discovery pursuant to that section. Moreover, the specific provision of CPLR 6220 must be read to take precedence over the general disclosure provisions of CPLR 3101 (a). *(See, People v Mobil Oil Corp.,* 48 NY2d 192, 200; McKinney's Cons Laws of NY, Book 1, Statutes § 238.)

Accordingly, the order is modified to vacate the directive that defendant Finkielstain appear for deposition, and otherwise affirmed. Concur—Sandler, J. P., Carro, Kassal and Ellerin, JJ.