■ HOME SAVINGS BANK, Appellant, v ARTHURKILL ASSOCIATES et al., Respondents, et al., Defendants.—In an action to foreclose a mortgage, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Richmond County (Leone, J.), entered January 5, 1990, as (1) denied those branches of its motion which were (a) for summary judgment in its favor on the complaint, and (b) for summary judgment dismissing the defendants' counterclaims, and (2) granted the cross motion of the defendant Arthurkill Associates to compel discovery.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which denied that branch of the plaintiff's motion which was for summary judgment in its favor on the complaint, and substituting therefor a provision granting that branch of the motion, (2) deleting the provision thereof which denied that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaims asserted by the defendant Arthurkill Associates, and substituting therefor a provision granting that branch of the motion, and (3) deleting the provision thereof which granted the cross motion of Arthurkill Associates to compel discovery, and substituting therefor a provision denying the cross motion; as modified, the order is affirmed insofar as appealed

from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith.

The plaintiff loaned a total of $8,325,000 to the defendant Arthurkill Associates (hereinafter Arthurkill). This loan was secured by a mortgage on certain property, upon which Arthurkill had contracted to develop 72 townhouse units known as "Wainwright Village". The codefendant Block 1701 Construction Corp. was the general contractor of this development project.

In support of its motion for summary judgment, the plaintiff produced evidence in admissible form to show that the defendant Arthurkill defaulted in complying with the terms of the loan documents when Arthurkill failed to make an interest payment of approximately $48,805. This proof was sufficient to entitle the plaintiff to prevail on its cause of action for foreclosure of the mortgage (see generally, Thrift Assns. Serv. Corp. v Legend of Irvington Joint Venture, 152 AD2d 666; Snyder v Potter, 134 AD2d 664; New York State Urban Dev. Corp. v Garvey Brownstone Houses, 98 AD2d 767).

The affirmative defenses and counterclaims asserted by Arthurkill, including those which are premised on the theory that its relationship with the plaintiff can be characterized as a "joint venture", are meritless. Arthurkill's relationship to the plaintiff was that of a mortgagor to a mortgagee, not that of a partner or joint venturer (see, Carteret Sav. Bank v East-West Assocs. Ltd. Partnership, Sup Ct, NY County, Mar. 30, 1988, Moskowitz, J., mod on other grounds 143 AD2d 612). The Supreme Court, therefore, erred in denying that branch of the plaintiff's motion which was for summary judgment dismissing Arthurkill's counterclaims.

The court also erred in granting Arthurkill's cross motion to compel discovery. Arthurkill failed to demonstrate how further discovery might reveal the existence of facts, currently within the exclusive knowledge of the plaintiff, which would warrant the denial of summary judgment (CPLR 3212 [f]; see, e.g., Limpar Realty Corp. v Uswiss Realty Holding, 112 AD2d 834).

However, the plaintiff failed to meet its burden of proving, by competent evidence, that it was entitled to judgment in its favor as a matter of law with respect to the counterclaim asserted by the codefendant Block 1701 Construction Corp. We affirm, therefore, only so much of the order appealed from as denied that branch of the plaintiff's motion which was for

summary judgment dismissing that counterclaim. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.