■ SANTORA & MCKAY, Respondent, v LOUIS MAZZELLA, Ap-

pellant. [620 NYS2d 395] —Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered February 2, 1994, which awarded plaintiff $41,917.07 plus interest, costs and disbursements; and order, same court and Justice, entered on or about March 9, 1994, which denied defendant's motion to vacate the default, both unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the judgment of default is vacated, and the matter is restored to the trial calendar.

In this action to recover attorney's fees, the parties commenced jury selection on Thursday, January 6, 1994 before Justice Helen Freedman and, at that time, plaintiff was represented by Robert McKay, Esq. and defendant by the law firm of Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin ("Squadron Ellenoff"). Joseph Gagliano, Jr., Esq. was the Squadron Ellenoff partner in charge of defendant's case and associate Steven Paradise, Esq. also appeared for defendant that morning. Four jurors were selected before lunch and, in the presence of the lawyers for both parties, the Jury Selection Clerk released the selected jurors with specific instructions to go to work the following day, Friday, and to call the court after 5:00 P.M. in order to find out when to report back.

Mr. Gagliano had another commitment that afternoon and as a result, Mr. Paradise and Mr. McKay concluded the jury selection process. Upon completion, the Jury Selection Clerk also instructed the additional jurors to go to work on Friday and to check in after 5:00 P.M.

Mr. Paradise and Mr. McKay thereafter reported to Justice Freedman that the selection process had been completed, at which point Justice Freedman inquired as to whether the attorneys were ready to proceed to trial. Both lawyers replied in the affirmative and Justice Freedman ordered the parties to appear the following day to begin the trial. When the Judge was informed that the Jury Selection Clerk had told the jurors not to report, she ordered the clerk to call them and ask them to appear the next day.

Mr. Paradise then telephoned Mr. Gagliano, who was to try the case, to inform him of the change, and was apprised by Mr. Gagliano that he could not proceed on Friday because he was scheduled to appear in another matter in Queens County Criminal Court and that Mazzella, whose presence was vital, could also not appear because he was scheduled for radiation treatment for a cancerous condition.

Mr. Paradise explained the foregoing to Justice Freedman

and requested a one-day adjournment, which application was unopposed by plaintiff. Justice Freedman, however, denied the request, noting that all the jurors had been called and were instructed to report the following day. Justice Freedman directed Mr. Paradise to raise the issue with the Trial Judge, Justice Beverly Cohen, who had her motion calendar on Fridays and would likely be unable to proceed anyway.

The following day, all but one of the jurors appeared and Justice Cohen indicated she was ready to begin the trial that morning. Mr. Paradise then made another uncontested application for a one-day adjournment explaining the confusion resulting from the Jury Selection Clerk's instructions, the fact that he had never tried a case before and had been directed not to proceed alone, and that both Mr. Gagliano and defendant were unable to appear. Justice Cohen denied the request and Mr. Paradise averred that he would have to accept a default. Justice Cohen then ordered judgment in favor of plaintiff in the amount of $41,917.07 plus interest from November 30, 1990, and Santora entered the judgment on February 2, 1994.

Defendant moved, by order to show cause, for an order vacating the default pursuant to CPLR 5015 (a) (1) on the grounds that the default was excusable and that a meritorious defense to the action existed. Santora opposed the motion on the grounds, *inter alia,* that Mr. Gagliano did not produce an affidavit of actual engagement. The trial court denied the motion on the lone ground that it was defendant's counsel who requested the default. Defendant appeals and we now reverse.

It is well settled that adjournments fall within the sound discretion of the trial court and should not be disturbed on appellate review absent a showing of abuse *(People v Spears,* 64 NY2d 698, 699-700; *Schneyer v Silberg,* 156 AD2d 200, 201, *appeal dismissed* 77 NY2d 872; *Matter of Alario v DeMarco,* 149 AD2d 587, 589, *appeal dismissed* 74 NY2d 791).

In the instant action, the request for an adjournment was made as a result of court induced confusion. Defendant's trial attorney was led to believe by the Jury Clerk that the trial would not proceed on Friday, and made no arrangements to commence trial the next day and Justice Freedman, in directing the trial to go forward at the close of Thursday, placed defendant's counsel in a untenable situation. Under the circumstances, Justice Cohen should have granted the application for an adjournment since as it was for only one day, the

request was made in good faith, and was unopposed by plaintiff. In view of the foregoing unusual and somewhat confusing circumstances leading up to the default, coupled with this Court's policy in favor of resolving disputes on the merits *(38 Holding Corp. v City of New York*, 179 AD2d 486, 487; *Scott v Allstate Ins. Co.*, 124 AD2d 481, 484; *Aces Mech. Corp. v Cohen Bros. Realty & Constr. Corp.*, 99 AD2d 455, 456), we conclude that it was an improvident exercise of the court's discretion to deny the requested adjournment.

Further, defendant has a meritorious defense to the action as evinced by our prior decision and order in this action (182 AD2d 572). In that decision, we affirmed an order by Justice Harold Baer, Jr. which denied a motion by plaintiff for summary judgment on the ground that issues of fact remained as to whether defendant disputed the correctness of the invoices forwarded by plaintiff and as to the validity of the fees charged.

Since defendant has demonstrated both a valid excuse for the default and a meritorious defense to this action *(Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138, 141; *Aponte v Raychuk*, 172 AD2d 280, 281, *affd in part and appeal dismissed in part* 78 NY2d 992; *Tandy Computer Leasing v Video X Home Lib.*, 124 AD2d 530, 531), we conclude that the court also erred when it denied defendant's motion to vacate the default. Clearly, Mr. Gagliano's appearance on another matter in a different venue, as the result of a court induced misunderstanding, constitutes a reasonable excuse for his failure to appear that Friday. Concur—Murphy, P. J., Sullivan, Wallach, Nardelli and Tom, JJ.