■ AUBREY EQUITIES, INC., Respondent, v SMZH 73RD ASSOCIATES et al., Respondents, and BURTON A. GOLDBERG et al., Appellants, et al., Defendants. [622 NYS2d 276] —Judgment of foreclosure, Supreme Court, New York County (Walter Tolub, J.), entered July 30, 1993, and order, same court (Eugene Nardelli, J.), entered January 7, 1993, which, *inter alia,* granted plaintiff's motion for summary judgment, unanimously reversed, on the law and the facts, with costs, and the affirmative defenses are reinstated.

On or about July 19, 1989, defendant SMZH 73rd Associates ("SMZH"), a New York general partnership, executed a mortgage note in favor of Raynes Conversions, Inc. in the principal sum of $675,000. The collateral security for the note was the building designated as 204-206 East 73rd Street, New York, New York (the "Premises"). Defendants Burton A. Goldberg and Joshua Goldberg subsequently purchased a second mortgage on the Premises from the original second mortgagee in July 1989.

SMZH thereafter defaulted on the monthly mortgage payment due on January 1, 1991 as well as all succeeding payments and on June 10, 1991, while still in default, the mortgage was assigned to plaintiff Aubrey Equities, Inc. ("Aubrey"). Although there is no documentary evidence in the record to support the claim, the Goldbergs maintain that the consideration for the assignment was $10.

By letter dated August 28, 1991, Aubrey gave SMZH notice of its default and accelerated the debt remaining under the note. Aubrey also provided SMZH with a cure period extending to September 5, 1991.

Plaintiff thereafter commenced the underlying foreclosure proceeding in which the Goldbergs served an answer interposing two affirmative defenses: that a principal of Aubrey is also a partner of SMZH, and SMZH defaulted for the sole purpose of eliminating the Goldbergs' second mortgage lien; and that Aubrey purchased the mortgage with the primary objective of commencing the underlying foreclosure action in violation of Judiciary Law § 489 (the Champerty Statute).

Plaintiff thereafter moved for summary judgment, which was granted by the IAS Court in a decision dated October 19, 1992 in which Justice Nardelli held, *inter alia,* that: the Goldbergs' claim of fraud was pure speculation and the fact that one individual had a relationship with Aubrey as a stockholder and SMZH as a partner did not impinge upon the rights of either the corporation or the partnership to operate in the absence of special circumstances; and that there was no violation of the Champerty Statute as the Goldbergs failed to demonstrate that the primary purpose of the assignment of the note was to commence a lawsuit. The Goldbergs appeal and we now reverse.

It is clear that the rights of a second mortgagee will not be extinguished upon a foreclosure sale if that party can demonstrate a collusive or fraudulent scheme between the owner and first mortgagee/assignee which was designed to eliminate the junior mortgage interest *(see, Dorff v Bornstein,* 277 NY 236; *Lawrence Ave. Group v Parnes,* 134 AD2d 172; *Holland v Fulbert, Inc.,* 49 AD2d 86, *appeal dismissed* 39 NY2d 772).

In the instant action, the IAS Court was premature in granting summary judgment at this juncture as the Goldbergs are entitled to obtain necessary discovery concerning the alleged fraud perpetrated by plaintiff and SMZH, as well as to whether sufficient grounds exist to pierce the corporate veil (CPLR 3212 [f]; *see, e.g., Watson v Work Wear Corp.,* 202 AD2d 231; *Baldasano v Bank of N. Y.,* 199 AD2d 184). Summary judgment should not be granted where there are likely to be defenses that depend upon knowledge in the possession of the party moving for summary judgment which may be disclosed by discovery *(Terranova v Emil,* 20 NY2d 493, 497).

The IAS Court also erred in dismissing the Goldbergs' Champerty defense. Judiciary Law § 489 prohibits a corporation from taking assignment of a note with the intent of bringing an action thereon as long as it is established that commencement of the suit was the primary purpose of the assignment *(Limpar Realty Corp. v Uswiss Realty Holding,* 112 AD2d 834, 835-836; *1015 Gerard Realty Corp. v A & S Improvements Corp.,* 91 AD2d 927, 928).

In the case at bar, issues of fact exist concerning SMZH's intent in transferring the note to Aubrey, especially in light of the uncertain relationship between Aubrey and SMZH through their common principal, coupled with the fact that the transfer was for what appears to be a token consideration, and the note, when transferred, was already in default. Ac-

cordingly, additional discovery is necessary with regard to this defense. Concur—Sullivan, J. P., Rosenberger, Williams and Tom, JJ.