■ FEDERAL INSURANCE COMPANY, as Subrogee and Assignee of MAY DEPARTMENT STORES COMPANY, Appellant-Respondent, v SPECIALTY PAPER BOX COMPANY, INC., et al., Respondents-Appellants, et al., Defendant. [635 NYS2d 196] —Order, Supreme Court, New York County (Carol H. Arber, J.), entered March 22, 1995, which, *inter alia*, converted defendants' motion to dismiss for failure to state a cause of action to one pursuant to CPLR 3016 and granted the same to the extent that plaintiff was granted leave to replead "to specify the facts on which [the causes of action] are based as well as when and where the incidents occurred", unanimously modified, on the law and the facts, to deny defendants' motion without requiring plaintiff to replead and, except as thus modified, affirmed without costs or disbursements. Order of the same court and Justice, entered June 28, 1995, to the extent it granted plaintiff's motion for reargument and renewal and thereupon adhered to its original decision and imposed a $500 sanction on plaintiff for making a frivolous motion, unanimously reversed, on the law, without costs or disbursements.

This is a fraud action by The May Department Stores Company's subrogee, Federal Insurance Company, which paid May, the parent of Lord & Taylor, for losses sustained by May as a result of the allegedly fraudulent and wrongful and unlawful conduct of defendants Specialty Paper Box Company, Inc., and Engel. Specifically, plaintiff alleges that Specialty and Engel wrongfully and unlawfully conferred thousands of dollars in benefits upon defendant Ricci, Lord & Taylor's buyer, without May's consent, to influence Ricci to purchase boxes manufactured by Specialty and used by Lord & Taylor in its business, by virtue of which Lord & Taylor paid higher prices to Specialty than it would otherwise have.

In opposition to Specialty's and Engel's motion to dismiss for failure to state a cause of action plaintiff submitted the 20-

page transcript of an interview with Engel conducted by May's investigator in which Engel admitted making numerous improper payments over "a period of years" to Ricci in return for business. The IAS Court converted the motion to one pursuant to CPLR 3016 and directed that plaintiff replead the allegations of fraud with specificity within 30 days of its order. This was error.

As is apparent from the transcript of the interview, plaintiff has a viable cause of action based on Specialty's and Engel's wrongdoing, the particulars of which are peculiarly within the knowledge of the defendants. It is obvious that plaintiff has no knowledge of the specific details of the corrupt scheme to favor Specialty and inflate its prices other than what it has learned from the interview with Engel. The requirements of CPLR 3016 (b) are not to be interpreted so strictly as to reject a cause of action where it is " 'impossible to state in detail the circumstances constituting a fraud.' " (*Lanzi v Brooks*, 43 NY2d 778, 780, quoting *Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 194; *Banner Indus. v Schwartz*, 181 AD2d 479, 480.) Thus, plaintiff should not have been required to replead. Defendants are not prejudiced since the pleading and submissions give them adequate notice of the transactions and elements of the wrongdoing sought to be litigated. (*See, Foley v D'Agostino*, 21 AD2d 60, 65-66.) Furthermore, since plaintiff's motion for reargument/renewal was anything but frivolous, the order adhering to the original determination and imposing $500 in sanctions should also be reversed.

The court properly denied that aspect of the motion to dismiss for lack of personal and subject-matter jurisdiction. Ricci acknowledged having an office in New York and there is evidence that some of the merchandise was delivered to Lord & Taylor in Manhattan. At the very least, plaintiff demonstrated that jurisdiction " 'may exist' ". (*Peterson v Spartan Indus.*, 33 NY2d 463, 466.) Thus, there is no merit to the cross-appeal. Concur—Murphy, P. J., Sullivan, Ross, Williams and Tom, JJ.