■ DOUGLAS E. FERRITER, Respondent, v ELIZABETH A. COOK, Appellant. [647 NYS2d 609] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff sustained serious injuries when his automobile was struck head-on in his lane of traffic by a vehicle owned by defendant and operated by her husband

Mark Cook, who died as a result of the injuries he sustained in the accident. Defendant's insurance carrier has offered to settle the case for its policy limits. Because of the severity of his injuries, plaintiff declined the offer pending determination of the assets of defendant and those of her deceased husband.

Pursuant to CPLR 6201 and 6212 (a), plaintiff moved to attach proceeds of a life insurance policy and to restrain defendant from disposing of any assets. Supreme Court denied plaintiff's motion as being "a little premature". However, the court directed that defendant be deposed regarding her assets and those of her deceased husband as of the date of the accident and all transactions concerning those assets. We modify the order by vacating that direction.

Disclosure in aid of attachment is available only "after the granting of an order of attachment" (CPLR 6220). Therefore, by denying plaintiff's motion for an order of attachment, the court lacked authority to order defendant *sua sponte* to be deposed regarding any assets (*see, Carteret Sav. Bank v East-West Assocs. Ltd. Partnership*, 143 AD2d 612, *lv dismissed* 73 NY2d 918, *rearg denied* 74 NY2d 651). Although plaintiff contends that discovery is permissible under CPLR 3101 (a), the disclosure provision of CPLR 6220 must be read to take precedence over the general disclosure provisions of CPLR 3101 (a) (*see, Carteret Sav. Bank v East-West Assocs. Ltd. Partnership, supra*, at 613). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Discovery.) Present—Denman, P. J., Lawton, Wesley, Callahan and Balio, JJ.