OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
Appellants’ argument that the Civil Court of the City of New York lacks jurisdiction to pierce the corporate veil is completely without merit. While the Civil Court is without jurisdiction to entertain matters of equitable relief which are not statutorily prescribed, said court is not precluded from handling matters concerning equitable doctrines. Since piercing the corporate veil is an equitable doctrine and not a form of equitable relief, the court below had jurisdiction to deny defendants’ motion.
Moreover, the court properly found that discovery is necessary to determine the individual defendants’ liability. In order to pierce the corporate veil, there must be a “showing that the corporation was dominated as to the transaction attacked and that such domination was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences” (TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339). Based upon the allegations in the complaint, and the answers thereto, the lower court properly found that the plaintiffs are entitled to discovery to determine whether the corporate veil can be pierced (see, Aubrey Equities v SMZH 73rd Assocs., 212 AD2d 397; see also, 14 NY Jur 2d, Business Relationships, § 37).
Finally, in view of the “disingenuous at best and patently absurd at worst” assertion by defendants concerning their obligations to obtain tax abatements, the lower court properly determined that the issue was one to be heard by the trier of fact.
Kassoff, P. J., Chetta and Patterson, JJ., concur.