### (May 20, 1999)

■ THOMAS ABATE et al., Appellants, v RUTH S. LONG, Respondent. [690 NYS2d 267] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered January 5, 1998, which

denied plaintiffs' motion to vacate the court's order of dismissal dated September 23, 1997, unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs, the motion to vacate granted and the complaint reinstated.

Given our preference for disposition of cases on the merits (*see, Santora & McKay v Mazzella*, 211 AD2d 460, 463; *DFI Communications v Golden Penn Theatre Ticket Serv.*, 87 AD2d 778, 779), we find that the motion court improvidently exercised its discretion in denying plaintiffs' motion to vacate their default where they had demonstrated a meritorious cause of action and a reasonable excuse for their default (*see, Santora & McKay v Mazzella, supra*, at 463; *Glass v Janbach Props.*, 73 AD2d 106, 110). The record clearly shows that their affidavit of merit, erroneously found to have raised a new theory of liability for which there had been no discovery, did no more than properly state, with greater specificity, a theory of medical malpractice that had been generally claimed in the bill of particulars. No new facts were alleged; thus defendant would not have been misled or prejudiced. Counsel's showing of actual engagement in another court constituted reasonable excuse for the default (*see, Zatorski v Klein*, 11 AD2d 790; *Slaughter & Co. v Saul*, 53 NYS2d 73 [App Term 1945]). Concur—Ellerin, P. J., Williams, Mazzarelli and Buckley, JJ.