■ BERNARD FROMARTZ, Respondent, v AL BODNER et al., Appellants. [698 NYS2d 142] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered May 28, 1998, denying defendants' motion to vacate their default, and order, same court and Justice, entered August 25, 1998, directing entry of judgment in the sum of $139,335, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motion to vacate granted.

Given our preference for disposition of cases on the merits (*see, Santora & McKay v Mazzella*, 211 AD2d 460, 463; *DFI Communications v Golden Penn Theatre Ticket Serv.*, 87 AD2d 778, 779), we find that Supreme Court improvidently exercised its discretion in denying defendants' motion to vacate their default where they had demonstrated both a meritorious defense to this action and a reasonable excuse for their default. In this regard, counsel's actual engagement in Family Court constituted a reasonable excuse for the default under the circumstances (*Abate v Long*, 261 AD2d 252; *Salemo v Geller*, 260 AD2d 153). Concur—Williams, J. P., Rubin, Saxe and Friedman, JJ.

■ JOSEPH KRUSCH et al., Respondents-Appellants, v AFFORDABLE HOUSING L. L. C. et al., Appellants-Respondents. [698 NYS2d 674] —Order, Supreme Court, New York County (Barry Cozier, J.), entered April 6, 1999, which, to the extent appealed and cross-appealed from as limited by the briefs, denied that branch of defendants' motion pursuant to CPLR 3211 (a) (7) seeking dismissal of plaintiffs' first cause of action for fraud, and granted that branch of the same motion seeking dismissal of plaintiffs' second cause of action alleging champerty, unanimously affirmed, without costs.

Under the circumstances at bar, where the particulars of the alleged wrongdoing are peculiarly within defendants' knowledge, plaintiffs' complaint and supporting affidavit sufficiently stated a cause of action against defendants for fraud (*see, Federal Ins. Co. v Specialty Paper Box Co.*, 222 AD2d 254). Plaintiffs' champerty cause of action, however, even if permissibly asserted as an affirmative claim for damages, and not, as it is ordinarily, as an affirmative defense, was properly dismissed, since plaintiffs do not allege that the challenged notes were acquired primarily for the purpose of bringing an action thereon. We note in this last connection that defendants did not immediately sue upon the subject promissory notes but instead afforded plaintiffs an opportunity to cure their defaults (*see, 1015 Gerard Realty Corp. v A & S Improvements Corp.*, 91 AD2d 927). Concur—Williams, J. P., Rubin, Saxe and Friedman, JJ.