■ Luis Perez, Appellant, v New York City Housing Authority, Respondent. [736 NYS2d 29] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about August 18, 2000, which denied plaintiff's motion to vacate the court's order of dismissal dated June 26, 2000, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the motion to vacate granted and the complaint reinstated.

Given our preference for disposition of cases on the merits (*see, Santora & McKay v Mazzella*, 211 AD2d 460, 463), we find that the motion court improvidently exercised its discretion in denying plaintiff's motion to vacate the court's dismissal of his action. A dismissal of an action pursuant to 22 NYCRR 202.27, based on a plaintiff's failure to appear at a calendar call, should be vacated where the plaintiff shows a reasonable excuse for the default and a meritorious cause of action (*see, Telep v Republic El. Corp.*, 267 AD2d 57). Counsel's failure to timely appear as expected at the adjourned pretrial conference amounted to, at worst, law office failure, in that counsel misunderstood the scheduled time and failed to ensure that the court would be informed of his presence in another courtroom (*see, id.; De Benedictis v Rahbar*, 269 AD2d 134; *Zatorski v Klein*, 11 AD2d 790). Moreover, in addition to the excusable nature of the default, the existence of a meritorious claim was established by the materials submitted in opposition to the summary judgment motion, which counsel asserted that he had served and filed, as directed, prior to the motion's adjourn date.

Although plaintiff's counsel proved unable to abide by the strict schedule the court had imposed for defendant's summary judgment motion, the delay caused by his failure was minor. Counsel's subsequent failure to appear at the correct time for

the adjourned conference caused even less delay, particularly since both sides appeared together before the court shortly after the default was taken. No prejudice to defendant was apparent or claimed.

Plaintiff's default in appearing for the conference should have been set aside at the time both parties appeared before the court shortly after the default was taken, or, in any event, upon the underlying written motion for vacatur of the default, setting forth more fully the foregoing facts and circumstances. The summary judgment motion that the court deemed to be moot should be recalendared and addressed on the merits. Concur—Saxe, J.P., Lerner, Buckley, Friedman and Marlow, JJ.