Fundo De Recuperaç o De Ativos - Fundo De Investimentos Em Direitos Creditórios N o Padronizados v Ceagro Agrícola LTDA (2022 NY Slip Op 06749)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Fundo De Recupera‡ o De Ativos - Fundo De Investimentos Em Direitos Credit¢rios N o Padronizados v Ceagro Agr¡cola LTDA

2022 NY Slip Op 06749

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022
Before: Webber, J.P., Kennedy, Mendez, Shulman, JJ. 


Index No. 154610/21 Appeal No. 16733-16733A Case No. 2022-00056, 2022-03859 

[*1]Fundo De RecuperaÇ o De Ativos - Fundo De Investimentos Em Direitos CreditÓrios N o Padronizados, Plaintiff-Respondent,
vCeagro AgrÍcola LTDA et al., Defendants-Appellants.

Greenberg Traurig, LLP, New York (Katherine M. Clemente of counsel), for appellants.
Baker & Hostetler LLP, New York (Gonzalo S. Zeballos of counsel), for respondent.

Judgment, Supreme Court, New York County (Arthur Engoron, J.), entered December 14, 2021, against defendants in plaintiff's favor in the amount of $39,333,180.96, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about November 29, 2021, which granted plaintiff's motion for summary judgment in lieu of complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff established prima facie entitlement to judgment as a matter of law. Unlike the affiant in Doe v Intercontinental Hotels Group, PLC (193 AD3d 410 [1st Dept 2021]), the Brazilian attorney who submitted an affirmation on plaintiff's behalf had personal knowledge of the facts, and his affirmation properly attached documents (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]), many of which were Brazilian court records.
While the defense of champerty cannot be waived (see Red Tulip, LLC v Neiva, 44 AD3d 204, 210 n 2 [1st Dept 2007], lv dismissed 10 NY3d 741 [2008]), there are no triable issues of fact precluding summary judgment. Although "the question of intent and purpose of the purchaser or assignee of a claim is usually a factual one to be decided by the trier of facts" (Bluebird Partners v First Fid. Bank, 94 NY2d 726, 738 [2000] [internal quotation marks omitted]), the Court of Appeals "has been willing to find that an action is not champertous as a matter of law" (id. at 734-735 [emphasis omitted]). Similarly, we have dismissed the defense of champerty on summary judgment (see Red Tulip, 44 AD3d at 208, 213-214; BF Holdings I v South Oak Holding, 251 AD2d 1 [1st Dept 1998]; Limpar Realty Corp. v Uswiss Realty Holding, 112 AD2d 834, 834-836 [1st Dept 1985]).
Judiciary Law § 489 "does not prohibit . . . a purchase [of a judgment by one engaged in the business of collection and adjustment of claims] for the purpose of enforcing the judgment's collection" (Concord Landscapers v Pincus, 41 AD2d 759 [2d Dept 1973]). Plaintiff seeks to domesticate and enforce a Brazilian judgment. Although a foreign judgment must be recognized (i.e., converted into a New York judgment) before it can be enforced (see Byblos Bank Europe, S.A. v Sekerbank Turk Anonym Syrketi, 12 Misc 3d 792, 794 [Sup Ct, NY County 2006], mod on other grounds 40 AD3d 497 [1st Dept 2007], affd 10 NY3d 243 [2008]), this is a mere "ministerial function" (CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d 215, 222 [2003] [internal quotation marks omitted], cert denied 540 US 948 [2003]).
Moreover, where a "mortgage loan has already fallen into default and been accelerated before its assignment to plaintiff" (BF, 251 AD2d at 1), there was no "merit to defendants' claim of champerty" (id.). Nonparty Banco ABN AMRO S.A.'s loans to defendant Ceagro AgrÍcola LTDA had already fallen into default — and ABN AMRO had already sued defendants and obtained a judgment — before it assigned the loans and any related rights (e.g., rights from litigation) [*2]to plaintiff. Unlike Aubrey Equities v SMZH 73rd Assoc. (212 AD2d 397 [1st Dept 1995]), there is no indication that ABN AMRO and plaintiff are related or that the assignment was for token consideration.
Contrary to defendants' claim, the defense of lack of standing does not implicate subject matter jurisdiction; hence, it can be waived (see CDR CrÉances S.A.S. v Cohen, 77 AD3d 489, 491 [1st Dept 2010]; Security Pac. Natl. Bank v Evans, 31 AD3d 278, 279 [1st Dept 2006], appeal dismissed 8 NY3d 837 [2007]). In an agreement settling a prior New York action among the parties, defendants waived any and all objections and defenses to the entry and enforceability of a New York judgment; therefore, they waived the defense that plaintiff lacked standing. Furthermore, in a related Brazilian agreement, defendants acknowledged that they owed plaintiff money; this agreement also states that ABN AMRO assigned credits to plaintiff, "which now holds one hundred percent . . . of the rights related to the credits associated with" ABN AMRO.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022