Blanco v Quality Gas Corp. (2023 NY Slip Op 01160)

Blanco v Quality Gas Corp.

2023 NY Slip Op 01160

Decided on March 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2023

Before: Renwick, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 153027/17 Appeal No. 17452-17453 Case No. 2022-02271, 2022-02974 

[*1]Rosa Blanco, Plaintiff-Respondent,
v
Quality Gas Corp., Defendant, Cumberland Farms, Inc., Defendant-Appellant.

Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Bridget M. Schultz of counsel), for appellant.
Sacco & Fillas, LLP, Astoria (David A. Craven of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about April 26, 2022, which granted plaintiff's motion to vacate an order granting, upon plaintiff's default, defendant's motion for summary judgment dismissing the complaint, and order, same court and Justice, entered on or about June 28, 2022, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court providently exercised its discretion in granting plaintiff's motion to vacate the default order (see CPLR 5015[a][1]). The failure of plaintiff's counsel to appear for the scheduled oral argument of defendant's summary judgment motion, due to an inadvertent calendar error by counsel's firm, amounted to excusable law office failure (see Perez v New York City Hous. Auth., 290 AD2d 265, 265 [1st Dept 2002]; American Intl. Ins. Co. v MJM Quality Constr., Inc., 69 AD3d 520 [1st Dept 2010]; see also CPLR 2005). There is no support in the record for defendant's contention that the default was part of a pattern of dilatory conduct (see Chelli v Kelly Group, P.C., 63 AD3d 632, 633 [1st Dept 2009]). Furthermore, there was no prejudice to defendant, since plaintiff made the motion to vacate shortly after the default (see Mejia v Ramos, 113 AD3d 429, 430 [1st Dept 2014]), and had filed her opposition to defendant's summary judgment motion well before oral argument was scheduled (see Deshler v East W. Renovators, 259 AD2d 351, 352 [1st Dept 1999]).
Additionally, the parties' submissions on defendant's summary judgment motion bore out a successful defense to the motion and a meritorious cause of action (see Perez, 290 AD2d at 265). Contrary to defendant's contention, plaintiff had consistently identified the location of the sidewalk condition that caused her to trip and fall, and defendant's own submissions, including photographs of the sidewalk defect, raised questions of fact as to whether the defect was trivial and whether defendant had constructive notice of it (see Powell v BLDG 874 Flatbush LLC, 201 AD3d 534, 534-535 [1st Dept 2022]; Flanders v Sedgwick Ave. Assoc., LLC, 156 AD3d 504 [1st Dept 2017]). In light of this, the denial of defendant's motion for summary judgment dismissing the complaint was also proper.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2023