IKB Intl., S.A. v Wells Fargo Bank, N.A. (2023 NY Slip Op 06333)

IKB Intl., S.A. v Wells Fargo Bank, N.A.

2023 NY Slip Op 06333

Decided on December 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2023

Before: Kern, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 654443/15, 654442/15, 654439/15, 654438/15 Appeal No. 1196-1197 Case No. 2022-04133, 2022-04134, 2022-04178, 2022-04194 

[*1]IKB International, S.A. in Liquidation et al., Plaintiffs-Respondents,
v
Wells Fargo Bank, N.A. etc., et al., Defendants-Appellants, Abfc 2006-opt 1 trust et al., Nominal Defendants.
IKB International, S.A. in Liquidation et al., Plaintiffs-Respondents,
v
U.S. Bank, N.A. etc., et al., Defendants-Appellants, Asset Backed Securities Corp. et al., Nominal-Defendants.
IKB International, S.A. in Liquidation et al., Plaintiffs-Respondents,
v
Deutsche Bank National Trust Company, et al., Defendants-Appellants, Accredited Mortgage Loan Trust 2004-3 et al., Nominal-Defendants.
IKB International, S.A. in Liquidation et al., Plaintiffs-Respondents,
v
The Bank of New York, et al., Defendants-Appellants, Centex Home Equity Loan Trust 2004-B et al., Nominal-Defendants.

Jones Day, New York (Michael T. Marcucci of counsel), for appellants.
McFerrin-Clancy LLC, New York (John J.D. McFerrin-Clancy of counsel), for respondents.

Orders, Supreme Court, New York County (Melissa Crane, J.), entered on or about August 22, 2022, which, in four separate actions, insofar as appealed from, denied defendants' motions for application of the German statute of limitations period, denied so much of plaintiffs' cross-motion as sought imposition of New York's statute of limitations, and declared the Republic of Ireland's statute of limitations to be the only limitations period that applied to each of the actions, unanimously modified, on the law, to vacate so much of the order as declined to apply New York's statute of limitations and declared that Ireland's statute of limitations is the applicable period and to direct the application of the limitations periods of both Ireland and New York, and otherwise affirmed, without costs.
Between 2005 and 2007, plaintiffs IKB Deutsche Industriebank A.G., a German bank, and IKB International, S.A. a Luxembourg entity wholly owned by IKB A.G., purchased residential mortgage-backed securities certificates issued by various trusts. Nonparty Rio Debt Holdings (Ireland) Limited is an Irish special purpose entity that held the RMBS certificates during the relevant period and assigned its claims to IKB Deutsche Industriebank in 2012. The parties agree that plaintiffs, commercial banks incorporated in Germany, are not New York residents, and that the claims accrued outside of New York.
Supreme Court properly found that the cause of action accrued in Ireland where Rio Debt Holdings resided. New York State's borrowing statute, CPLR 202, provides that if a nonresident sues on a cause of action accruing outside of New York, the claim must be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued (Global Fin. Corp. v Triarc Corp., 93 NY2d 525, 528 [1999]). Furthermore, in contract cases involving a purely economic injury, such as this one, accrual is determined by the "place of injury" — usually, where the plaintiff resides and has felt the economic impact of loss (Deutsche Bank Natl. Trust Co. v Barclays Bank PLC, 34 NY3d 327, 335 [2019]; Global Fin. Corp., 93 NY2d at 528-529). Here, however, because plaintiff is asserting claims solely as an assignee, the residence of the assignor — Rio Debt Holdings — will determine the place of accrual (see e.g. Portfolio Recovery Assoc., LLC v King, 14 NY3d 410, 416 [2010]).
We decline to employ a multifactor test to determine where plaintiffs' purported injury was felt, as such a test is contrary to Court of Appeals precedent (Deutsche Bank, 34 NY3d at 335-339). Even giving full weight to defendants' argument that the residence of the party "who became poorer" is controlling, that entity is Rio Debt Holdings, as it owned the relevant residential mortgage-backed securities certificates at the time of the alleged loss and received the unpaid distributions on the certificates in Ireland (MLRN LLC v U.S. Bank, N.A., 217 AD3d 576, 578 [1st Dept 2023]).
Nevertheless[*2], Supreme Court improperly found that only Irish law was relevant for determining the overall limitations period. The borrowing statute calls for the comparison of New York's limitations period with the foreign limitations period (see Global Fin. Corp., 93 NY2d at 528). If the foreign limitations period is shorter, the shorter net period will determine the timeliness of the action (Deutsche Bank, 34 NY3d at 339). However, contrary to the statutory terms of CPLR 202, Supreme Court engaged in no analysis of the New York limitations period, merely stating on the record that the Irish limitations period would apply.
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2023