IKB Intl. S.A. v Morgan Stanley (2024 NY Slip Op 01675)

IKB Intl. S.A. v Morgan Stanley

2024 NY Slip Op 01675

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 653964/12 Appeal No. 1833 Case No. 2023-01311 

[*1]IKB International S.A. etc., et al., Respondents-Appellants,
v
Morgan Stanley et al., Appellants-Respondents.

David Polk & Wardwell LLP, New York (James P. Rouhandeh of counsel), for appellants-respondents.
McFerrin-Clancy LLC, New York (John J.D. McFerrin-Clancy of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Melissa Crane, J.), entered on or about March 1, 2023, which, to the extent appealed from as limited by the briefs, denied, in part, defendants' motion for summary judgment and held that (1) the relevant assignment of litigation claims was not champertous and (2) the applicable statute of limitations was that of New York and Luxembourg, rendering plaintiffs' claims timely, and granted defendants' motion for summary judgment dismissing the fraud and aiding and abetting fraud claims relating to purported misrepresentations about adherence to originator underwriting guidelines, unanimously affirmed, without costs.
Defendants contend that they were entitled to summary judgment on their affirmative defense that the relevant assignment of litigation claims was void as champertous. While the question of an assignee's intent and purpose as to the transfer of a claim is often factual, here, the court correctly dismissed the defense on summary judgment (see Fundo de RecuperaÇ o de Ativos-Fundo de Investimentos em Direitos CreditÓrios N o Padronizados v Ceagro AgrÍcola LTDA, 210 AD3d 585, 585-586 [1st Dept 2022]).
The doctrine of champerty is codified in New York within Judiciary Law § 489 (see Ehrlich v Rebco Ins. Exch., 225 Ad2d 75, 77 [1st Dept 1996], lv dismissed 89 NY2d 1029 [1997]). Under Judiciary Law § 489, no corporation "shall solicit, buy or take an assignment of . . . any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon." In Justinian Capital SPC v WestLB AG, N.Y. Branch, the Court of Appeals explained that to "constitute the offense [of champerty] the primary purpose of the purchase must be to enable [one] to bring suit, and the intent to bring a suit must not be merely incidental or contingent" (28 NY3d 160, 166 [2016] [internal quotation marks omitted]).
On appeal, defendants essentially contend that any assignment of litigation claims — even when fashioned to protect an independent litigation right of the assignee — must necessarily be void. This is not the law. Rather, the champerty doctrine is intended to prevent opportunistic parties from profiting from litigation claims that otherwise would not have been brought — not preventing the assignment of legitimate claims to a party holding a beneficial interest in those claims to enforce its own rights (see e.g. Trust for Certificate Holders of Merrill Lynch Mtge. Invs., Inc. Mtge. Pass-Through Certificates, Series 1999-C1 v Love Funding Corp., 13 NY3d 190, 200-201 [2009]). The critical distinction is "between acquiring a thing in action in order to obtain costs and acquiring it in order to protect an independent right of the assignee" (Justinian, 28 NY3d at 167 [internal quotation marks omitted]).
The court also correctly found that champerty only prohibits the acquisition of a cause of action by a "stranger" to the underlying dispute (Richbell Info. Servs. v Jupiter Partners, 280 AD2d 208, 216 [[*2]1st Dept 2001]). The evidence establishes that plaintiff IKB Deutsche Industriebank A.G. had an independent interest in pursuing the claims, and was not a stranger to the action. IKB A.G. owns 100% of plaintiff IKB International, S.A., the original purchaser of the assets, and was the assignor's junior lender beginning in November 2008. Defendants' reading of Justinian does not compel a different result.
The court correctly determined that it was not bound to apply the ruling in IKB
Intl. S.A. v Bank of Am. Corp. [In re Countrywide Fin. Corp. Mortgage-Backed Sec.
Litig.] (2015 WL 1650851, 2015 US Dist LEXIS 49465 [CD Cal, Feb. 23, 2015, No. 12-CV-06151-MRP (MANx)] (the Countrywide action) to this action under collateral estoppel principles, because the issues raised in the Countrywide action are not "identical" to the issues raised in this action (see Simmons v Trans Express Inc., 37 NY3d 107, 112 [2021]). According to defendants, plaintiffs are collaterally estopped from claiming reliance on representations regarding collateral characteristics, such as loan-to-value ratios, because the California District Court found in the Countrywide action that plaintiffs and their investment managers did not actually rely on any representations about those characteristics when purchasing RMBS certificates. However, the certificates at issue here are indisputably different from the ones in the Countrywide action, and were issued by different defendants, with different alleged misrepresentations and offering documents. Further, while it is undisputed that the investment managers in both cases were the same, the testimony did not establish that they had used the same exact methodology in coming to their purchase decisions in both cases.
The court properly determined that plaintiffs' claims were not time-barred. Defendants' argument that the court improperly and prematurely determined the statute of limitations issue on summary judgment is unavailing. Defendants sought leave before the motion court to submit supplemental briefing to argue the statute of limitations as an additional ground for summary judgment, which necessarily turned on whether plaintiffs' claims had accrued in Germany or elsewhere, and, if the German statute applied, whether the claims would be time-barred. The court was thus called upon to determine the limitations issue. Further, CPLR 3212(b) permits a court to search the record and grant summary judgment to a nonmoving party on a cause of action or defense that was raised by the movant. Because the limitations issue was before the court, it properly searched the record and denied summary judgment to defendants, declaring that the injury had not accrued in Germany (with IKB A.G.), and adopting plaintiffs' argument that the claims accrued with IKB S.A. in Luxembourg.
The record supports the court's conclusion that the claims were not time-barred on the merits. New York's borrowing statute provides that if a nonresident sues on a cause of [*3]action accruing outside of New York, then the claim must be timely under the limitations period of both New York and the jurisdiction where the cause of action accrued (see CPLR 202; Global Fin. Corp. v Triarc Corp., 93 NY2d 525, 528 [1999]; see also IKB Intl., S.A. v Wells Fargo Bank, N.A., 222 AD3d 454, 455 [1st Dept 2023]). Plaintiffs are not New York residents, and it is not disputed that the claims accrued outside of New York. Thus, the relevant issue for determining the statute of limitations is whether the claims "accrued" in Germany (where plaintiff IKB AG resides) or in Luxembourg (where IKB S.A., the assignor, resides).
In this Court's recent decision in IKB Intl., S.A. v Wells Fargo Bank, N.A. (222 AD3d 454), a related action arising from substantially the same facts, we found that because plaintiff IKB AG asserted its claims as an assignee, it was the residence of the assignor that determined the place of accrual (id. at 456, citing Portfolio Recovery Assoc., LLC v King, 14 NY3d 410, 416 [2010]). As such, plaintiffs' causes of action accrued in Ireland — where the assignor of the claims is located — and we directed for the application of the limitations period of both Ireland and New York. Further, we declined to use a multifactor test in determining where the plaintiff's injury had been felt, as such a test is contrary to Court of Appeals precedent (id., citing Deutsche Bank Natl. Trust Co. v Barclays Bank PLC, 34 NY3d 327, 335-339 [2019]).
In this case, plaintiffs argue that the injury was felt by IKB S.A., as the initial assignor of the certificates, in Luxembourg. Applying the reasoning set forth in Wells Fargo, we find that it is where the assignor is located that governs, and that the action is not barred by Germany's three-year limitations period.
The court properly dismissed the fraud-based claims to the extent they were based on plaintiffs' reliance on purported misrepresentations regarding the underwriting guidelines. Defendants made a prima facie showing that they conveyed no such misrepresentations to plaintiffs. The preliminary term sheets tendered to plaintiffs' investment managers did not refer to the underwriting guidelines, and one of the investment managers testified that they would learn about an originator's underwriting process directly from the originator. Plaintiffs failed to identify sufficient evidence to rebut defendants' prima facie showing, and the motion court thus properly granted
summary judgment on the claims regarding these misrepresentations (J.A.O. Acquisition Corp. v Stavitsky, 18 AD3d 389, 390-391 [1st Dept 2005]). 
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024