■ GINA WILLIAMS, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [802 NYS2d 55]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered March 2, 2005, which, inter alia, granted defendants' motion to compel document production and denied plaintiff's cross motion to compel document production, unanimously modified, on the law and the facts, to deny defendants' motion with respect to plaintiff's tax returns, without prejudice to renewal,

and to vacate the denial of that branch of the cross motion seeking production of the individual defendants' personnel folders, and otherwise affirmed, without costs, and the matter remitted for in camera review of the individual defendants' personnel folders and for a determination as to whether they contain relevant material that should be produced.

The motion court providently exercised its discretion in ordering plaintiff to produce her notes, diaries, journals and other writings referring to the allegations in the amended complaint (*see e.g. Carolan v New York Tel. Co.*, 1984 WL 368, \*4, 1984 US Dist LEXIS 16613, \*13-14 [SD NY, May 17, 1984]).

It was also proper to order plaintiff to produce documents relating to any recovery from her three motor vehicle accidents and the complaints and bills of particulars, if lawsuits resulted from the accidents. Plaintiff put her emotional condition at issue by alleging that defendants' discrimination and harassment caused her mental anguish and severe emotional injury (*see Lowe v Philadelphia Newspapers, Inc.*, 101 FRD 296, 298 [ED Pa 1983]), and defendants have discovered a document linking one of plaintiff's car accidents with psychological trauma.

However, the motion court should not have ordered disclosure of plaintiff's tax returns at this time. ''Because of their confidential and private nature, disclosure of tax returns is disfavored. The party seeking disclosure must make a strong showing of necessity and demonstrate that the information contained in the returns is unavailable from other sources'' (*Gordon v Grossman*, 183 AD2d 669, 670 [1992] [citations omitted]). Defendants did not sufficiently show their inability to obtain the information sought from other sources.

Plaintiff cross-moved to compel production of the individual defendants' personnel folders, which could certainly contain relevant information (*see e.g. Ragge v MCA/Universal Studios*, 165 FRD 601 [CD Cal 1995]). Defendants note that they submitted the folders for in camera review. The motion court did not indicate whether the folders had been reviewed and did not explain why this branch of the cross motion was denied. If the folders have not yet been reviewed, they should be and any ensuing disposition of the cross motion should be explained.

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Nardelli, Catterson and Malone, JJ.