■ CDR CRÉANCES S.A.S., as Successor to SOCIÉTÉ DE BANQUE OCCIDENTALE, Respondent, v MAURICE COHEN et al., Appellants, et al., Defendants. CDR CRÉANCES S.A.S., as Successor to SOCIÉTÉ DE BANQUE OCCIDENTALE, Respondent, v LEON COHEN,

Also Known as LEON LEVY and Others, et al., Appellants, et al., Defendants. [909 NYS2d 697]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered November 27, 2009, which, to the extent appealed from, denied the motion of defendants Maurice Cohen, Leon Cohen and Sonia Cohen for leave to amend, denied the motion of the Cohens and defendants Joelle Habib, Robert Maraboeuf, Allegria Achour Aich, and Patricia Habib Petetin for summary judgment dismissing the complaints, and granted plaintiff's disclosure motion, unanimously modified, on the law, to deny plaintiff's motion to compel the production of Maurice Cohen's personal income tax returns, without prejudice to renewal, and otherwise affirmed, without costs.

The motion court properly denied the Cohen defendants' motion to amend their answer to add various affirmative defenses after several years of litigation. Significant progress had been made in the cases and substantial discovery had been conducted, and the numerous proposed defenses would have necessitated no small measure of additional discovery (*compare Antwerpse Diamantbank N.V. v Nissel*, 27 AD3d 207 [2006]). In addition, all the proposed defenses were set forth in conclusory fashion and unsupported by any evidentiary showing, such as an affidavit by a person with knowledge of the facts (*see Guzman v Mike's Pipe Yard*, 35 AD3d 266 [2006]). Several also lacked merit as a matter of law. The claimed defenses of lack of personal jurisdiction, the contractual selection of a forum in France and plaintiff's lack of standing were waived by defendants' general appearance and participation in this litigation over a period of several years, failure to assert the defenses in their original answers, and failure to seek amendment as of right (*see Frankel v Siravo*, 278 AD2d 66, 67 [2000]). The defenses of lack of standing and forum selection had been raised previously and rejected, and, since no appeal was taken from those determinations, are

precluded by the doctrine of law of the case (*cf. Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999] [second appeal presenting issue on which appeal had been noticed earlier and abandoned was correctly dismissed]). We note that, since forum clause and lack of standing defenses do not implicate subject matter jurisdiction (*see Lischinskaya v Carnival Corp.*, 56 AD3d 116, 122-123 [2008], *lv denied* 12 NY3d 716 [2009]; *Security Pac. Natl. Bank v Evans*, 31 AD3d 278, 280 [2006], *appeal dismissed* 8 NY3d 837 [2007]), they are subject to waiver and abandonment.

Since amendment to add the forum clause defense was properly denied, that defense cannot provide a basis for summary judgment.

In all but one instance, the discovery rulings were proper exercises of the motion court's broad discretion in such matters (*see generally Arts4All, Ltd. v Hancock*, 54 AD3d 286 [2008], *affd* 12 NY3d 846 [2009], *cert denied* 559 US —, 130 S Ct 1301 [2010]). We find that plaintiff failed to make the requisite "strong showing" of an overriding necessity for the information contained in Maurice Cohen's personal tax returns and of the unavailability of the information from other sources (*Williams v New York City Hous. Auth.*, 22 AD3d 315, 316 [2005] [internal quotation marks omitted]); the assertion that various entities allegedly controlled by this defendant or affiliated with his cohorts are domiciled in countries known for their bank secrecy laws is insufficient. In addition, it is unclear that the type of fraud alleged here would be illuminated by tax returns (*see Sachs v Adeli*, 26 AD3d 52, 56-57 [2005]; *Four Aces Jewelry Corp. v Smith*, 256 AD2d 42 [1998]). However, upon plaintiff's showing that it is unable to obtain the information from other sources, the motion may be renewed (*see Williams*, 22 AD3d at 315-316).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Saxe, J.P., Friedman, Nardelli and Catterson, JJ. **[Prior Case History: 2009 NY Slip Op 33051(U).]**