■ MBIA Insurance Corporation, Appellant, v Credit Suisse Securities (USA) LLC et al., Respondents. [960 NYS2d 25]—

Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 29 and August 16, 2012, which, to the extent appealed from, denied plaintiff's motion insofar as it sought a commission permitting it to serve subpoenas to obtain nonparty, financial disclosure and testimony from the employers

of 400 nonparty, out-of-state borrowers of residential mortgage loans, and sought to serve subpoenas on out-of-state borrowers who participated in reduced documentation loan programs, unanimously affirmed, without costs.

This is an action for fraud and breach of contractual representations and warranties by plaintiff, a financial guaranty insurance provider, against defendants, the sponsor, underwriter and servicer of a transaction in which thousands of residential mortgage loans were consolidated into a pool and transferred to a trust formed to issue mortgage-backed securities. None of the parties served as the originator of the underlying mortgage loan transactions or had any direct relationship with any borrower.

Supreme Court correctly denied plaintiff's motion for an open-ended commission to take the deposition and obtain document disclosure, including, among other things, personal investment and bank account statements and personal income tax returns, from nonparty residential mortgage borrowers in every state except New York, three United States territories and the District of Columbia, since plaintiff failed to make a "strong showing of necessity and demonstrate that the information . . . is unavailable from other sources" (*Williams v New York City Hous. Auth.*, 22 AD3d 315, 316 [1st Dept 2005], quoting *Gordon v Grossman*, 183 AD2d 669, 670 [1st Dept 1992]). Since the parties offer conflicting interpretations of the warranties and representations found in the parties' insurance agreement, the relevance of the requested material is, at best, still yet to be established. Furthermore, in seeking extensive amounts of duplicative, personal and confidential financial information from over five years ago, the discovery request constitutes an undue burden and expense on the responding nonparties (*see U.S. Bank, N.A. v GreenPoint Mtge. Funding, Inc.*, 94 AD3d 58, 64 [1st Dept 2012]). Plaintiff's contention that this discovery is material and necessary to its fraud and breach of contract claims because it could potentially yield evidence that a borrower fraudulently or negligently misrepresented the financial information provided on his or her mortgage loan application is not supported by particularized factual allegations specific to any of the borrowers selected for this disclosure.

For the same reasons, the court properly denied plaintiff's motion to the extent that it sought an open-ended commission to serve subpoenas on the employer of each borrower.

While plaintiff argues that every other court has permitted nonparty discovery of this nature, we find those cases to be distinguishable based on differences in the parties' governing agreements or the defendants' direct relationship with the bor-

rowers as originator of the mortgage loans, and in any event, since all of the orders cited by plaintiff are from a trial level state or federal court, they do not constitute binding authority and need not be followed.

Denial is proper for the additional reason that plaintiff has failed to demonstrate that a commission is "necessary or convenient" (CPLR 3108), by neglecting to include "allegations that the proposed out-of-State deponent would not cooperate with a notice of deposition or would not voluntarily come within this State or that the judicial imprimatur accompanying a commission will be necessary or helpful" (*Reyes v Riverside Park Community [Stage I], Inc.*, 59 AD3d 219, 219 [1st Dept 2009] [internal quotation marks omitted]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Román and Clark, JJ.