■ JOSEPH BRUNNER et al., Respondents, v ESTATE OF CHAIM
LAX et al., Appellants, et al., Defendants. [27 NYS3d 148]—

Orders, Supreme Court, New York County (Shirley Werner
Kornreich, J.), entered April 3, 2015 and April 6, 2015, which,
to the extent appealed from as limited by the briefs, denied de-
fendants-appellants' (hereinafter defendants) motions to
dismiss the first cause of action* pursuant to CPLR 3211 (a)
(3), unanimously affirmed, without costs.

Defendants failed to meet their burden on this pre-answer
motion to dismiss pursuant to CPLR 3211 (a) (3) to establish
prima facie that plaintiffs have no standing to sue on the
promissory note (*see Deutsche Bank Trust Co. Ams. v Vitellas*,
131 AD3d 52, 59-60 [2d Dept 2015]). Defendants contend that
the note had not been validly assigned to plaintiffs prior to the
commencement of this action (*see Carlin v Jemal*, 68 AD3d 655
[1st Dept 2009]). However, an assignment need not be in writ-
ing, but can be effected by physical delivery (*see e.g. Fryer v
Rockefeller*, 63 NY 268, 276 [1875]; *Bank of N.Y. v Silverberg*,
86 AD3d 274, 281 [2d Dept 2011]; *LaSalle Bank Natl. Assn. v
Ahearn*, 59 AD3d 911 [3d Dept 2009]; *see also OneWest Bank
FSB v Carey*, 104 AD3d 444, 445 [1st Dept 2013]; *Aurora Loan
Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]). The complaint
alleges, "As of March 2014, [plaintiff] JBAM [Realty LLC] is in
physical possession of the Note." While this allegation could
have been better phrased, construed liberally and in the light
of "every possible favorable inference" (*see 511 W. 232nd Own-
ers Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002]), it

---

* Defendants claim they are appealing from the denial of their motions to
dismiss the first three causes of action. However, the motion court dismissed
the second and third causes of action.

can be read as saying, "Since March 2014, JBAM has been in physical possession of the Note"—especially because plaintiffs' counsel represented at oral argument that his clients had physical possession of the note at the time they commenced their lawsuit. This action was commenced on or about March 31, 2014.

Defendants contend that discovery should be limited to standing. We leave that issue to the motion court's broad discretion (*CDR Créances S.A.S. v Cohen*, 77 AD3d 489, 491 [1st Dept 2010]). Concur—Tom, J.P., Acosta, Renwick and Moskowitz, JJ.