Weingarten v Braun (2018 NY Slip Op 01130)





Weingarten v Braun


2018 NY Slip Op 01130


Decided on February 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 15, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Kahn, Oing, JJ.


5721N 401034/13

[*1] Dale Weingarten, etc., Plaintiff-Appellant, 
v
Jeff Braun, Defendant-Respondent, Jonathan Jossen, et al., Defendants.


LeClairRyan, New York (Joseph M. Cerra of counsel), for appellant.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (Robert B. Hille of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 29, 2017, which denied plaintiff's motion seeking, inter alia, discovery of the personal tax returns of defendant Jeff Braun, and a deposition of nonparty attorney, unanimously affirmed, without costs.
While New York has a broad policy of discovery, favoring disclosure, disclosure of tax returns is disfavored because of their confidential and private nature, requiring the party seeking to compel production to make "a strong showing of necessity and demonstrate that the information contained in the returns is unavailable from other sources" (Williams v New York City Hous. Auth., 22 AD3d 315, 316 [1st Dept 2005] [internal quotation marks omitted]). Here, plaintiff failed to identify the particular information the tax returns of Braun will contain and its relevance to the claims made here. How Braun put the allegedly improperly obtained property to use, e.g., by allegedly claiming a loss on his personal taxes, is extraneous to whether the property was, in fact, improperly obtained. Similarly, plaintiff has failed to detail what information the nonparty attorney could offer in the proposed deposition that would be relevant to this claim (see Ortiz v Rivera, 193 AD2d 440 [1st Dept 1993]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 15, 2018
CLERK