Garcia v 2728 Broadway Hous. Dev. Fund Corp. (2019 NY Slip Op 00042)





Garcia v 2728 Broadway Hous. Dev. Fund Corp.


2019 NY Slip Op 00042


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


8001N 158778/15

[*1] Doris Garcia, Plaintiff-Appellant,
v
2728 Broadway Housing Development Fund Corp., et al., Defendants-Respondents.


Thomas S. Fleishell & Associates, P.C., New York (Thomas S. Fleishell of counsel), for appellant.
Andrea Shapiro, PLLC, New York (Andrea Shapiro of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 15, 2017, which, insofar as appealed from, denied plaintiff's cross motion for a protective order with respect to her 2014 and 2015 tax returns, and to compel defendants to appear for a deposition and produce unredacted copies of their emails, unanimously affirmed, with costs.
The court did not improvidently exercise its discretion in directing plaintiff to produce the 2014 and 2015 tax returns in order to show whether or not she met the income eligibility restriction for transfer of her father's interest in the cooperative corporation to her (see generally Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190 [1st Dept 2005]). Article X of the certificate of incorporation and § 5.05(b)(i) of the proprietary lease restricted transfers to persons who do not meet the income eligibility restriction, and article V, § 4 of the bylaws adopted the provisions of the certificate of incorporation. Thus, even if plaintiff was viewed as an initial shareholder, the transfer of her father's interest from his estate to her required a showing that she had the requisite income (see Sachs v Adeli, 26 AD3d 52, 56 [1st Dept 2005]; compare Williams v New York City Hous. Auth., 22 AD3d 315, 316 [1st Dept 2005]).
Plaintiff contends that initial shareholders were not required to demonstrate income eligibility in order to purchase shares, so the transfer of her father's shares to her had no such requirement. She cites to various documents concerning the cooperative which stated that "new" shareholders were required to demonstrate income eligibility, and she asserts that all of the offering documents must be read together (see Sassi-Lehner v Charlton Tenants Corp, 55 AD3d 74, 78-79 [1st Dept 2008]). However, the provisions cited by plaintiff that applied to new shareholders did not expressly negate the provisions of the certificate of incorporation and proprietary lease that made no distinction between initial shareholders and new shareholders.
The court did not improvidently exercise its discretion in declining to order depositions of the individual defendants since they asserted that they were ready and willing to be deposed, but plaintiff's then counsel was unavailable. Furthermore, plaintiff
failed to show why she required unredacted copies of the emails or that relevant emails were withheld by defendants.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK