Garcia v 2728 Broadway Hous. Dev. Fund Corp. (2019 NY Slip Op 02649)





Garcia v 2728 Broadway Hous. Dev. Fund Corp.


2019 NY Slip Op 02649


Decided on April 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2019

Friedman, J.P. Richter, Gesmer, Kern, Moulton, JJ.


8001N 158778/15

[*1] Doris Garcia, Plaintiff-Appellant,
v
2728 Broadway Housing Development Fund Corp., et al., Defendants-Respondents.


Thomas S. Fleishell & Associates, P.C., New York (Thomas S. Fleishell of counsel), for appellant.
Andrea Shapiro, PLLC, New York (Andrea Shapiro of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 15, 2017, which, insofar as appealed from, denied plaintiff's cross motion for a protective order with respect to her 2014 and 2015 tax returns, and to compel defendants to appear for a deposition and produce unredacted copies of their emails, unanimously affirmed, with costs.
Under the unusual circumstances of this case, the court did not improvidently exercise its discretion in directing plaintiff to produce the 2014 and 2015 tax returns (see generally Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190 [1st Dept 2005]). Article X of the certificate of incorporation and § 5.05(b)(i) of the proprietary lease restricted transfers to persons who do not meet the income eligibility restriction, and article V, § 4 of the bylaws adopted the provisions of the certificate of incorporation. Thus, as the motion court found, "arguably," even if plaintiff was viewed as an initial shareholder, the transfer of her father's interest from his estate to her may require a showing that she meets the income requirement. Accordingly, defendant made a sufficient showing, in the context of this discovery motion, that the tax returns are "necessary to the litigation" (Sachs v Adeli, 26 AD3d 52, 56 [1st Dept 2005]; compare Williams v New York City Hous. Auth., 22 AD3d 315, 316 [1st Dept 2005]).
The court did not improvidently exercise its discretion in declining to order depositions of the individual defendants since they asserted that they were ready and willing to be deposed, but plaintiff's then counsel was unavailable. Furthermore, plaintiff failed to show why she required unredacted copies of the emails or that relevant emails were withheld by defendants.
The Decision and Order of this Court entered herein on January 3, 2019 (168 AD3d 417) is hereby recalled and vacated (see M-844 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2019
CLERK