Simon v FrancInvest, S.A. (2024 NY Slip Op 02157)

Simon v FrancInvest, S.A.

2024 NY Slip Op 02157

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Oing, J.P., Moulton, Mendez, Shulman, Pitt-Burke, JJ. 

Index No. 162867/14 Appeal No. 2108 Case No. 2023-03943 

[*1]Jean-Pascal Simon, Plaintiff-Appellant,
v
FrancInvest, S.A., etc., et al., Defendants. French-American Surgery Center, Inc., et al., Defendants-Respondents.

Law Office of Nancy J. Volin, New York (Nancy J. Volin of counsel), for appellant.

Order, Supreme Court, New York County (Andrew S. Borrok, J.) entered April 8, 2022, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion under CPLR 3025(b) and 5015(a)(3) to amend the third amended complaint to reinstate claims (except as to Jean-Francois Simon and Charles Raab, individually) and parties previously dismissed from the action and to add new claims against new parties based on new evidence, unanimously affirmed, with costs.
The motion court providently denied plaintiff's motion under CPLR 3025(b) and 5015(a)(3) to amend the third amended complaint to revive previously dismissed parties and claims and to assert new claims against new parties based on newly discovered evidence. This Court has previously affirmed the dismissal of the claims which plaintiff seeks to reassert (see Simon v FrancInvest, S.A., 192 AD3d 565, 566 [1st Dept 2021]; Simon v FrancInvest, S.A., 178 AD3d 436 [1st Dept 2019]).
Plaintiff failed to establish that the new evidence was not merely cumulative and that it would have changed the result of the motion court or this Court's previous orders (see CPLR 5015[a][3]; see also Prote Contr. Co. v Board of Educ. of the City of N. Y., 230 AD2d 32, 39 [1st Dept 1997]). On appeal, plaintiff does not address how the new evidence fulfills the elements of any particular cause of action, nor does he provide a basis for reviving the previously dismissed claims or adding new parties and claims to this 2014 action (see e.g. CDR CrÉances S.A.S. v Cohen, 77 AD3d 489, 490 [1st Dept 2010]). Moreover, given the late stage in the litigation of this matter, the amendments "would have necessitated no small measure of additional discovery" (id.).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024