■ NATIONAL COMMUNICATIONS CORP., Respondent, v HARVEY BLOCH et al., Appellants. [687 NYS2d 151] —Judgment, Supreme Court, New York County (William McCooe, J.), entered December 17, 1997, awarding petitioner damages, and bringing up for review an order (denominated order and judgment), entered December 5, 1997, which, in a turnover proceeding to set aside a fraudulent conveyance, granted petitioner's motions to confirm reports of the Special Referee recommending judgment in favor of petitioner, and denied respondents' cross motions to disaffirm such reports, unanimously affirmed, with costs. Appeal from order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

While the burden of proof was on petitioner to establish that the challenged transfer was made without fair consideration, the Special Referee properly required respondents to produce evidence of the nature and value of the consideration, such evidence being solely within their control (*see, Gelbard v Esses*, 96 AD2d 573, 576). Indeed, respondent Bloch was on both sides of any transaction between the judgment debtor, a company in which he owned a 50% interest, and the transferee, a company in which he owned a 100% interest, and which he claimed performed services for the judgment debtor and for which he claimed the performed services warranted the challenged transfer. No such evidence was produced by respondent Bloch, who inconsistently claimed that the judgment debtor's corporate records had been routinely destroyed after institution of the instant proceeding, and whose testimony was otherwise rendered incredible by, among other things, the attorney retained by the judgment creditor in connection with the project, who testified that he had no knowledge of the transferee and that the transferee performed no services in connection with that project. Concur—Rosenberger, J. P., Tom, Wallach and Mazzarelli, JJ.