■ ARMEN DOKMECIAN, Appellant, v ABN AMRO NORTH AMERICA, INC., et al., Respondents. [758 NYS2d 638] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered on or about June 24, 2002, which dismissed the complaint with prejudice, and order, same court and Justice, entered June 14, 2002, which denied plaintiff's motion to vacate the default and to restore to the active calendar, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, on condition that plaintiff's counsel pay the sum of $500 to defendants' counsel within 30 days of service of a copy of this order with notice of entry, and, upon fulfillment of such condition, the judgment vacated, the motion granted and the complaint reinstated. Appeals from order, same court and Justice, entered May 17, 2002, which determined defendant's motion to dismiss was moot, and order, same court and Justice, entered June 3, 2002, which granted defendant's motion to dismiss the action with prejudice, unanimously dismissed, without costs, as academic in view of the foregoing.

In light of the strong public policy of this State to dispose of cases on their merits, we find that the motion court improvidently exercised its discretion in denying plaintiff's motion to vacate the court's dismissal of his action where plaintiff demonstrated a reasonable excuse for the default and a meritorious cause of action (see Perez v New York City Hous. Auth., 290 AD2d 265 [2002]; Navarro v A. Trenkman Estate, 279 AD2d 257, 258 [2001]).

Counsel's failure to appear at both the originally scheduled preliminary conference and on its adjourned date amounted to excusable law office failure (see Navarro, 279 AD2d at 258). As to his failure to appear at the initial conference, counsel submitted an affidavit of actual engagement and defense counsel stipulated to the adjournment. Counsel has set forth a reasonable excuse for failing to appear at the rescheduled conference in that he inadvertently scheduled the wrong date.

Plaintiff has also demonstrated the meritorious nature of his employment discrimination claims through his affidavit and numerous exhibits submitted in opposition to defendant's motion to dismiss. Although some of plaintiff's claims may be barred by the applicable three-year statute of limitations, the majority of his claims, including his second cause of action for age discrimination, appear timely. Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.