■ Ani Batista et al., Respondents, v Jelissa Rivera et al., Respondents, and Gilberto Sierra et al., Appellants. [774 NYS2d 136]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about June 30, 2003, which denied defendants-appellants' motion for summary judgment, with leave to renew

upon the appointment of an administrator for the estate of defendant Victor M. Aponte, Jr., unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against them. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

A van driven by Victor M. Aponte, Jr. and owned by defendant Jelissa Rivera struck the rear of a car owned by appellant Gilberto Sierra, while it was parked in the driveway of an auto mechanic's shop, the car having just been driven there by appellant Randy Ramos. The van driven by Aponte then picked up speed and proceeded 60 feet, went through a stop sign without stopping, and entered an intersection, where it struck a car being operated by plaintiff Ani Batista, causing her serious injury. This action ensued.

Sierra and Ramos moved for summary judgment dismissing the action as against them, on the ground that the undisputed evidence shows that they did not proximately cause the collision with plaintiff's vehicle. Their car had been parked on the sidewalk portion of the mechanic's driveway, its rear fender flush with the curb.

In opposition, no triable issue of fact was raised precluding the relief sought by defendants-appellants. At best, all that is offered in opposition amounts to speculation, grounded in theory rather than fact, that perhaps appellants' car was protruding into Aponte's path, causing the chain of events leading to the collision with plaintiff. Such a speculative argument may not be the basis of a denial of summary judgment in appellants' favor (*see Bachrach v Farbenfabriken Bayer AG*, 36 NY2d 696 [1975]; *Leggio v Gearhart*, 294 AD2d 543 [2002]).

Finally, it was unnecessary to stay the entire action pending the appointment of an administrator for defendant Aponte. Because Aponte had died before the action was commenced, he was at no time a party to this action, and the presence of his name in the caption is of no legal consequence. His death is therefore not an impediment to a determination of the present motion on the merits. Of course, this does not preclude plaintiff from availing herself of CPLR 205 and commencing an action against Aponte's estate, once a representative has been appointed. Concur—Buckley, P.J., Mazzarelli, Saxe, Ellerin and Marlow, JJ.