■ THEATRE ROW PHASE II ASSOCIATES, Respondent, v H&I, INC., Appellant. [810 NYS2d 461]—

Order and judgment (one paper), Supreme Court, New York County (Walter B. Tolub, J.), dated October 5, 2004 and entered November 3, 2004, awarding petitioner, inter alia, permanent recapture of the entire interest in distributions held by respondent, and bringing up for review an order, same court and Justice, dated October 5, 2004 and entered November 9, 2004, which denied respondent's motion to vacate the default judgment against it, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the motion granted and the default judgment vacated. Respondent is directed to answer the petition within 10 days of service of a copy of this order with notice of entry.

Petitioner commenced this turnover proceeding in February 2004 to enforce three judgments, in the total sum of more than $1.9 million, against respondent's 2% interest in distributions which had been assigned to it by petitioner pursuant to a March 13, 1986 supplemental settlement agreement resolving various landlord-tenant disputes between petitioner and nonparty NRS. Service was made upon the Secretary of State pursuant to Business Corporation Law § 306 (b) (1). Prior to the return date, Andrew Lustig, a nonlawyer representative of respondent, mailed a letter to the Clerk of the Court requesting a four-week adjournment to obtain counsel. However, at the call of the calendar, respondent received an adjournment of only two weeks. Three days after respondent's time to appear or file answering papers expired, the motion court granted a default judgment in petitioner's favor.

In order to vacate a default judgment, the moving party must set forth both a reasonable excuse for the default and a meritorious defense to the action (see *Navarro v A. Trenkman Estate,*

*Inc.*, 279 AD2d 257 [2001]). Respondent's default, based, inter alia, upon a faulty assumption by a nonlawyer that the written request to the Clerk for a four-week adjournment had been granted, was inadvertent and excusable. In addition, respondent's defense has merit. Contrary to petitioner's contention that the challenged transfer was made without fair consideration, from the 1986 assignment until February 2004, a period of 18 years, petitioner did not challenge respondent's ownership and entitlement to said interest. At the very least, respondent should be allowed the opportunity to produce evidence of the nature and value of the consideration (*cf. National Communications Corp. v Bloch*, 259 AD2d 427 [1999]). Under these circumstances and in consideration of the strong public policy of this State that matters be decided on the merits, the motion court improvidently exercised its discretion in denying respondent's motion to vacate its default judgment (*see Perez v New York City Hous. Auth.*, 290 AD2d 265 [2002]). Concur—Sullivan, J.P., Nardelli, Catterson, McGuire and Malone, JJ.