■ In the Matter of LANCER INSURANCE COMPANY, Respondent, v LIZETTE ROVIRA et al., Appellants, and UNITED STATES FIRE INSURANCE COMPANY et al., Proposed Respondents. [846 NYS2d 114]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered July 13, 2006, which denied the Rovira/Ramos respondents' motion to restore the matter to active status and to vacate an August 2005 order that had granted the petition on default and stayed arbitration, unanimously modified, on the law, to the extent of granting so much of the motion as sought vacatur of default against respondent Ramos, and otherwise affirmed, without costs.

The excuse for the failure of Rovira and Ramos to appear for an August 1, 2005 framed-issue hearing is weak, asserting that the law office computer incorrectly listed the hearing as occurring in Nassau County, without any further explanation as to any other actions counsel took, such as appearing in Nassau County, or what they did upon discovery of the "computer glitch." Nevertheless, this amounts to law office failure, which is a recognized excuse for vacatur of a default (*see Barsel v Green*, 264 AD2d 649 [1999]). Moreover, the court apparently found sufficient merit to the demand for arbitration to schedule a framed-issue hearing. Given the strong public policy in favor of disposing of cases on the merits (*see Watt v Spencer*, 36 AD3d 440 [2007]; *Dokmecian v ABN AMRO N. Am.*; 304 AD2d 445 [2003]), we find the court improvidently exercised its discretion in denying the motion to vacate the default.

However, the court properly found that a Nassau County order, entered on default on November 29, 2000, which had permanently stayed the arbitration, was res judicata as to any claim by Lizette Rovira. The decedent Ramos had no capacity to challenge the motion for the stay at that time or to later challenge the final judgment on default, and so had no full and fair opportunity to contest it (*see Zimmerman v Tower Ins. Co. of N.Y.*, 13 AD3d 137 [2004]). However, inasmuch as decedent died in 1999, prior to the commencement of any action or proceeding, severance was not necessary (*see Batista v Rivera*, 5 AD3d 308, 309 [2004]), and thus Rovira was not barred from fully and completely litigating the issue at that time. To the extent any conflict existed between the positions of Rovira and Ramos at that time, counsel should have moved to withdraw from the representation of one, so that Rovira's claim could go forward. To the extent no conflict existed, counsel should have gone forward with Rovira's claim. Whether or not the motion at that time expressly sought a permanent stay or only a temporary stay is irrelevant, as the order clearly and unequivocally stayed the matter permanently, and Rovira never sought to vacate the

default, reargue or appeal. Concur—Lippman, P.J., Mazzarelli, Marlow, Catterson and Kavanagh, JJ.