■ JORGE CHELLI, Respondent, v KELLY GROUP, P.C., et al., Appellants. [883 NYS2d 26]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered on or about February 19, 2009, which denied defendants' motion to vacate a default order entered five weeks earlier, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted on condition that defendants' counsel pay the sum of $1,000 to plaintiff's counsel within 30 days of service of a copy of this order.

In light of the strong public policy of this State to dispose of cases on their merits, the motion court improvidently exercised its discretion in denying defendants' motion to vacate the default order (*Harwood v Chaliha*, 291 AD2d 234 [2002]). An order striking an answer and directing an inquest pursuant to 22 NYCRR 202.27 (a) should be vacated where a defendant can show a reasonable excuse for failure to appear (CPLR 5015 [a]) and a meritorious defense or counterclaim (*Harwood*). Here, defendants demonstrated their failure to appear was neither willful nor part of a pattern of dilatory behavior, but was purely the result of inadvertent law office failure on the part of the attorneys to whom they had entrusted their defense (*see id.*; *Dokmecian v ABN AMRO N. Am.*, 304 AD2d 445 [2003]). The attorneys did not willfully default, but despite having implemented systems to track court appearances, they apparently were not alerted to the upcoming compliance conference (*see Carela v Pelham Realty, Inc.*, 57 AD3d 389 [2008]; *Perez v New York City Hous. Auth.*, 290 AD2d 265 [2002]). There was no prejudice to plaintiff, as the case had not been pending long, and the parties had agreed to attempt to resolve the matter through the court-annexed mediation program shortly before counsel's inadvertent default.

Defendants also demonstrated potentially meritorious legal and factual defenses to plaintiff's claims, which seek to recover a total of $21 million, including disgorgement of the $4 million contingency fee paid upon successful resolution of plaintiff's personal injury action, treble damages, and punitive damages. Alternatively, defendants showed that even if they violated a rule governing the conduct of lawyers, they may still be entitled to recover on their quantum meruit counterclaim (*see generally Matter of Cooperman*, 83 NY2d 465, 475 [1994]). "A client

should not be deprived of his day in court by his attorney's neglect or inadvertent error, especially where the other party cannot show prejudice" and his position has merit (*Paoli v Sullcraft Mfg. Co.*, 104 AD2d 333, 334 [1984]).

While defendants had a reasonable excuse for nonappearance based on law office failure, their attorneys' conduct nonetheless warrants imposition of the penalty in the amount indicated as a condition of the reversal. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ. [*See* 2009 NY Slip Op 30359(U).]