■ ARMIN A. MEIZLIK CO. INC. et al., Respondents, v L&K JEWELRY INC. et al., Appellants. (And a Third-Party Action.) [889 NYS2d 453]—

The May 23 order granting plaintiff's CPLR 3126 motion was one entered on default within the meaning of CPLR 5511 and is nonappealable (*see Fox v T.B.S.D., Inc*, 278 AD2d 612, 613-614 [2000], *lv denied* 96 NY2d 716 [2001]; *Benitez v Olson*, 29 AD3d 503 [2006]; *see also Figiel v Met Food*, 48 AD3d 330 [2008]).

Defendants' motion to vacate the May 23 order sufficiently showed a meritorious defense, namely, that the diamonds sold or consigned to defendants had been stolen, and a reasonable excuse for the failure to prepare timely written opposition to the CPLR 3126 motion, namely, that the individual defendant's serious illness, the unavailability of defendants' original attorney due to foreign travel until a few days before the return date, and the recent retention of cocounsel made it difficult for the attorneys to coordinate with defendants during the seven-day period between the signing of the order to show cause that brought on the motion and its return date. The record also shows that at oral argument of the CPLR 3126 motion, cocounsel was prepared to immediately produce documents purportedly responsive to defendants' demands, which documents were attached to defendants' motion to vacate. The evidence of the individual defendant's illness shows that she has been unable to participate in the litigation, and warrants denial of plaintiffs' motion to strike (*see Grabow v Blue Eyes*, 123 AD2d 155 [1986]). Concur—Gonzalez, P.J., Moskowitz, DeGrasse, Manzanet-Daniels and Roman, JJ.