Sotirios Tsioumas, Respondent, v Time Out Health & Fitness et al., Appellants. [912 NYS2d 194]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered July 24, 2009, which, to the extent appealed from, vacated, upon renewal, the order, same court and Justice, entered March 30, 2009, dismissing this personal injury action for failure to restore it to the trial calender within one year of being marked off, and restored it to the calendar, unanimously affirmed, without costs.

Plaintiff was allegedly injured when he tripped on a racquetball court at defendants' sports facility because a portion of a floor plank was missing. Even if we were to find that plaintiff, on his motion to renew, did not offer reasonable justification for not providing his "new" evidence earlier on his original motion, we would find that renewal should nonetheless be granted so as not to defeat substantial fairness (*Garner v Latimer*, 306 AD2d 209 [2003]). Plaintiff demonstrated an intent not to abandon the action by completing initial discovery, attempting to restore the action within nine months of its being marked off the calendar, appearing at a status conference within one year of the action being marked off, stating at the status conference a need to assemble funds for a medical consult and surgery, and appearing at the next scheduled court conference held two months thereafter. In any event, once the complaint was dismissed at the February 3, 2009 court conference, plaintiff expeditiously moved to restore the action after it had been marked off the calendar. Plaintiff's excuse for the delay in making a formal motion to restore the action was that a paralegal in plaintiff's counsel's office allegedly saw the case as "active" on the court's Web site, thereby leading counsel to believe that no formal motion to restore was needed. Such law office failure may constitute a reasonable excuse for delay in moving to restore an action so as to justify the IAS court's favorable exercise of discretion here (*see e.g. Kaufman v Bauer*, 36 AD3d 481 [2007]). The court's decision to restore the matter to the

calendar was consistent with the strong judicial policy that favors determination of actions on the merits (*see Matter of Lancer Ins. Co. v Rovira,* 45 AD3d 417 [2007]). Concur—Tom, J.P., Saxe, Friedman, Sweeny and Abdus-Salaam, JJ.