■ MR. HO CHARTER SERVICE, INC., Respondent, v EDWARD G. HO, Appellant. [942 NYS2d 531]—

Appeal from order, Supreme Court, New York County (Joan M. Kenny, J.), entered on or about August 1, 2011, which, upon defendant's default, struck defendant's answer and directed an inquest, unanimously dismissed, without costs, as taken from a nonappealable order. Order, same court and Justice, entered August 17, 2011, which denied defendant's motion to vacate the order entered on or about August 1, 2011, unanimously reversed, on the law and the facts, without costs, the motion granted, the order entered on or about August 1, 2011 vacated, the answer reinstated, and the matter remanded for further proceedings.

The order entered on or about August 1, 2011 is nonappealable, as it was entered on default within the meaning of CPLR 5511 (*see Armin A. Meizlik Co. Inc. v L&K Jewelry Inc.*, 68 AD3d 530, 531 [2009]).

The motion to vacate the order entered on or about August 1, 2011 should have been granted, as defendant demonstrated a meritorious defense and a reasonable excuse for failing to appear at a preliminary conference (*see Armin*, 68 AD3d at 531; CPLR 5015 [a] [1]). Defendant showed that his failure to appear was neither willful nor a pattern of dilatory behavior, but was simply the result of illness and inadvertent law office failure. Indeed, defendant submitted affirmations by his attorneys stating that they failed to note the scheduled preliminary conference date set forth in two prior orders, that the primary attorney assigned to the case was sick and unable to attend the scheduled conference, and that a substitute attorney from the same law office had advised the court that she would not be able to arrive to the conference by the scheduled time (*see Armin*, 68 AD3d at 531; *Chelli v Kelly Group, P.C.*, 63 AD3d 632 [2009]).

Plaintiff's corporate records and the affidavits based on personal knowledge submitted by the parties, together with prior orders of the court that evaluated the evidence and denied plaintiff injunctive relief, demonstrate merit to the defense. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.