*430 To successfully vacate a default, a party must demonstrate a justifiable excuse for his default and a meritorious claim (Northern Source, LLC v Kousouros, 106 AD3d 571 [1st Dept 2013]). In determining if there is a reasonable excuse for a party’s default, several relevant factors should be taken into consideration, including the length of the delay, prejudice to the opposing party and the strong public policy in this State favoring the resolution of matters on the merits (Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413-414 [1st Dept 2011]; see also New Media Holding Co. LLC v Kagalovsky, 97 AD3d 463, 465 [1st Dept 2012]; Dokmecian v ABN AMRO N. Am., 304 AD2d 445 [1st Dept 2003]). Here, plaintiffs’ counsel claims that the delay in acquiring medical reports necessary to oppose defendants’ motions was the reason for the default. Further, the belief of plaintiffs’ counsel that he thought an adjournment had been granted, although not the strongest argument, amounts to a law office failure, “which is a recognized excuse for vacatur of a default” (Matter of Lancer Ins. Co. v Rovira, 45 AD3d 417, 418 [1st Dept 2007]; see Theatre Row Phase II Assoc. v H&I, Inc., 27 AD3d 216, 217 [1st Dept 2006] [incorrect assumption that a requested adjournment had been granted was “inadvertent and excusable”]).
In addition, plaintiff moved to vacate shortly after he defaulted and this delay did not cause defendants to suffer undue prejudice (see American Intl. Ins. Co. v MJM Quality Constr., Inc., 69 AD3d 520 [1st Dept 2010]). On remand, defendants will have ample opportunity to argue their motion on the merits. As to the merits of the case, plaintiff presented a meritorious claim by submitting medical reports indicating that plaintiff underwent numerous treatments following the accident. Taken together, these factors warrant giving plaintiff the opportunity to respond to defendants’ motions for summary judgment to dismiss the complaint.
The motion court properly denied plaintiffs’ motion for partial summary judgment as untimely (CPLR 3212 [a]; see Brill v City of New York, 2 NY3d 648, 652 [2004]). Plaintiffs failed to offer a reasonable explanation to the motion court as to why the motion was filed 181 days after the filing of the note of issue.
Because we are granting plaintiff’s motion to vacate his default, plaintiffs appeal from the denial of the motion to renew is moot (see Matter of Castell v City of Saratoga Springs, 3 AD3d 774, 776 [3d Dept 2004]).
Finally, no appeal lies from the denial of a motion for reargument (see Belok v New York City Dept. of Hous. Preserv. & Dev., 89 AD3d 579 [1st Dept 2011]) or from the order of default itself *431 (CPLR 5511; see Armin A. Meizlik Co. Inc. v L&K Jewelry Inc., 68 AD3d 530, 531 [1st Dept 2009]).
We have considered the parties’ remaining arguments and find them unavailing. Concur — Acosta, J.E, Andrias, Moskowitz and Richter, JJ.