[18 NYS3d 526]

In the Matter of STUART A. SCHLESINGER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 15, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin M. Doyle* of counsel), for petitioner.

*Emery Celli Brinckerhoff & Abady LLP* (*Hal R. Lieberman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Stuart A. Schlesinger was admitted to the practice of law in the State of New York by the First Judicial Department on March 22, 1965. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.

The Departmental Disciplinary Committee moves, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11 for an order, inter alia, accepting respondent's resignation from the practice of law, striking his name from the roll of attorneys, and deeming its motion for an interim suspension withdrawn upon acceptance of respondents resignation. Respondent's affidavit of resignation, sworn to June 10, 2015, complies with section 603.11 in that he states, inter alia: (1) his resignation is submitted freely, voluntarily and without coercion or duress; and (2) that he is fully aware of the implications of submitting his resignation (*see* 22 NYCRR 603.11 [a] [1]).

Respondent is also aware that he has been the subject of an investigation by the Disciplinary Committee into allegations he misappropriated clients funds (22 NYCRR 603.11 [a] [2]). Specifically, in his affidavit, he states that: (1) he is aware of a pending disciplinary investigation against him, in which he is the subject of allegations that he misappropriated settlement funds belonging to 16 clients, including one client's $50,000 and another's $16,000; (2) that he used said funds for his own personal or business purposes prior to paying his clients; (3) and that approximately $528,000 is still due and owed to those clients. He also acknowledges that if disciplinary charges were brought against him based on allegations in his former clients' complaints, he could not successfully defend himself on the merits against such charges (22 NYCRR 603.11 [a] [3]; *Matter of Riley*, 115 AD3d 112 [1st Dept 2014]).

Accordingly, the Committee's motion should be granted to the extent of accepting respondent's resignation from the practice of law, respondent is disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to June 10, 2015, and the motion for interim suspension should be withdrawn.

GONZALEZ, J.P., FRIEDMAN, RICHTER, MANZANET-DANIELS and GISCHE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 10, 2015. Motion for interim suspension deemed withdrawn.