Norman Cousins, Plaintiff-Appellant, 
against
Valerie Weintraub, Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Alexander M. Tisch, J.), dated June 16, 2015, which granted defendant's motion to vacate a default judgment.




Per Curiam.
Order (Alexander M. Tisch, J.), dated June 16, 2015, affirmed, with $10 costs.
Given the strong public policy in favor of deciding cases on their merits, we find that Civil Court providently exercised its discretion in granting defendant's motion to vacate her default, since she established both a reasonable excuse for the default and a potentially meritorious defense to the action (see Santiago v Valentin, 125 AD3d 459 [2015]). Defendant demonstrated that her failure to appear at a conference/calendar call was not wilful, but was purely the result of a misunderstanding with counsel that is tantamount to law office failure (see Chelli v Kelly Group, P.C., 63 AD3d 632 [2009]). Defendant also established a meritorious defense to the claim by plaintiff, her former attorney, to recover certain "disbursements" incurred in prosecuting a prior action on plaintiff's behalf. The governing contingency fee retainer agreement executed by defendant with respect to the prior action does not contain any language indicating that defendant would be responsible for disbursements or expenses where, as here, she did not recover any damages in that action (see Grandelli v Rothstein, 28 Misc 3d 131[A], 2010 NY Slip Op 51282[U] [App Term, 1st Dept 2010]). We note, also, that Civil Court previously denied plaintiff's motion for summary judgment, finding triable issues of fact exist regarding his claim for an account stated. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: March 01, 2016