Jennifer Chappelear, Plaintiff-Appellant, 
against
Jerry A. Lubliner, M.D., Fiona Connolly, D.P.M., and Steven C. Sheskier, M.D., Defendants-Respondents. -and- Anthony Italiano, Defendant.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Jose A. Padilla, Jr., J.), entered August 10, 2017, which denied her motion to vacate her default and to restore the case to the trial calendar.




Per Curiam.
Order (Jose A. Padilla, Jr., J.) entered August 10, 2017, reversed, with $10 costs, motion granted and action restored to the calendar.
This action was dismissed as a result of plaintiff's nonappearance at a scheduled pretrial conference (see 22 NYCRR 208.14[b][2]). Consistent with the strong judicial policy that favors determinations of actions on the merits (see Tsioumas v Time Out Health & Fitness, 78 AD3d 619 [2010]), we favorably exercise our discretion to grant plaintiff's motion to vacate the dismissal. Plaintiff sufficiently demonstrated that the default was the result of law office failure. Counsel explained that the calendar clerk in charge of tracking the matter had just lost his son in a fatal automobile accident, and as a result, the firm missed a number of court appearances (see Kaufman v Bauer, 36 AD3d 481, 483 [2007]; see also Goodwin v New York City Hous. Auth., 78 AD3d 550, 551 [2010]. Further, plaintiff's successful defense of defendants' prior summary judgment motions demonstrated merit to this action (see Brown v City of New York, 105 AD3d 420 [2013]; Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO, 293 AD2d 324, 325 [2002]), particularly since "the showing of merit required on a motion to restore is less than that required to defend a motion for summary judgment" (Kaufman v Bauer, 36 AD3d at 482). Defendants failed to establish prejudice "where proof of the alleged malpractice will for the most part consist of medical records and the defendant[s'] own testimony" (Kaufman [*2]v Bauer, 36 AD3d at 484). While this case has been protracted, we note that much of the earlier delay was caused by plaintiff's prior attorney's neglect of the matter and eventual disbarment (see Matter of Schlesinger, 132 AD3d 174 [2015]; see generally Kommeh v City of New York, 96 AD3d 476 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 02, 2019