Wilson v Kore Method on Gansevoort LLC (2020 NY Slip Op 01003)





Wilson v Kore Method on Gansevoort LLC


2020 NY Slip Op 01003


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Gische, J.P., Kapnick, Webber, Moulton, JJ.


11000 655275/17

[*1] Marlene Wilson, Plaintiff-Respondent,
v
Kore Method on Gansevoort LLC, Defendant-Appellant.


Rosenberg, Giger & Perala, New York (Matthew H. Giger of counsel), for appellant.
Feerick Nugent MacCartney, PLLC, South Nyack (Patrick A. Knowles of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered March 15, 2019, which denied defendant's motion pursuant to CPLR 5015 to vacate an order, same court and Justice, entered December 6, 2018, denying its motion pursuant to CPLR 317 to vacate a default judgment against it, unanimously reversed, on the facts and in the exercise of discretion, without costs, the CPLR 5015 motion granted on condition that defense counsel pay the sum of $1,500 to plaintiff's counsel within 30 days of service of a copy of this order, and the matter remanded to Supreme Court for consideration of the CPLR 317 motion on the merits.
In the exercise of our own discretion (see e.g. Crespo v A.D.A. Mgt., 292 AD2d 5, 9 [1st Dept 2002]), we find that defense counsel offered a reasonable excuse for failing to appear at the December 5, 2018 oral argument (see e.g. Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413-414 [1st Dept 2011]; Chelli v Kelly Group, P.C., 63 AD3d 632 [1st Dept 2009]; Dokmecian v ABN AMRO N. Am., 304 AD2d 445 [1st Dept 2003]). However, we recognize that plaintiff incurred attorneys' fees to oppose defendant's second motion; therefore, we condition the vacatur of the 2018 order on defense counsel's paying plaintiff's counsel $1,500.
Because the motion court sub silentio found that defendant failed to offer a reasonable excuse for its default, it did not reach the issue of whether defendant had a meritorious defense to plaintiff's claim. Plaintiff seeks repayment of a loan pursuant to the "Summary of Proposed Terms for Com[m]itment of a $100,000.00 Investment in the Company [defendant] in Exchange for 10% Equity in the Company" (the Summary), which plaintiff claims is a promissory note. We find that defendant has viable defenses, including those based upon the enforceability and interpretation of the Summary and later Operating Agreement.
We note that on its motion to vacate a default judgment pursuant to CPLR 317 defendant was not required to demonstrate a
reasonable excuse for its default (see Simon & Schuster v Howe Plastics & Chems. Co., 105 AD2d 604, 605 [1st Dept 1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK