6 E. 39th St. Holdings, LLC v Raul Perez LMT LLC (2020 NY Slip Op 05842)





6 E. 39th St. Holdings, LLC v Raul Perez LMT LLC


2020 NY Slip Op 05842


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Acosta, P.J., Mazzarelli, Moulton, González, JJ. 


Index No. 654906/16 Appeal No. 12137 Case No. 2019-5609 

[*1]6 East 39th St. Holdings, LLC, Plaintiff-Respondent,
v
Raul Perez LMT LLC Doing Business as Lilly, et al., Defendants-Appellants.


Anthony Michaels, New York, for appellants.
Law Offices of Marc, E. Bengualid, PLLC, New York (Etan C. Harris of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 5, 2019, which denied defendants' motion to vacate an order entered on their default, unanimously reversed, on the facts, with costs, and the motion granted.
We find that defendants demonstrated a reasonable excuse for their default and a potentially meritorious defense to plaintiff's claim for rent and other damages under a commercial lease (see Cornwall Warehousing, Inc. v Lerner, 171 AD3d 540 [1st Dept 2019]; CPLR 5015[a][1]). Defendants' counsel explained that he did not appear at a preliminary conference or the adjourned conference because, although he e-filed defendants' timely answer with counterclaims, he mistakenly failed to set the case up on "etrack" and therefore did not receive notification of either the preliminary conference first scheduled more than two years later or the adjourned conference date (see Chelli v Kelly Group, P.C., 63 AD3d 632 [1st Dept 2009]). As soon as he learned that his error had resulted in dismissal, counsel prepared a motion to vacate, so that plaintiff, who had delayed in answering the counterclaims and prosecuting the action, was not prejudiced by any further delay.
A meritorious defense was demonstrated by defendant Kinwa Li's affidavit explaining that defendants had vacated the premises because plaintiff failed to provide services necessary for them to conduct their business, notably sporadic and unreliable elevator service to their 11th-floor space, which constituted a breach of the lease and constructive eviction (see Cornwall Warehousing, 171 AD3d at 541).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020