Aegis SMB Fund II, L.P. v Rosenfeld (2020 NY Slip Op 07309)





Aegis SMB Fund II, L.P. v Rosenfeld


2020 NY Slip Op 07309


Decided on December 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 08, 2020

Before: Acosta, P.J., Gische, Oing, González, Kennedy, JJ. 


Index No. 452123/18 Appeal No. 12579N Case No. 2020-01361 

[*1]Aegis SMB Fund II, L.P., Plaintiff-Respondent,
v
Shimon Rosenfeld, Defendant-Appellant.


Bronstein, Gewirtz & Grossman, LLC, New York (Edward N. Gewirtz of counsel), for appellant.
Handel & Carlini, LLP, Poughkeepsie (Anthony C. Carlini, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about August 15, 2019, which denied defendant's motion pursuant CPLR 5015(a)(1) to vacate a prior order of the same court and Justice, entered on or about January 22, 2019, which struck defendant's answer and granted judgment to plaintiff pursuant to 22 NYCRR 202.27, on default, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and defendant's motion granted.
In this action to recover on a personal guaranty of a promissory note, defendant failed to appear for a conference after the case was referred to mandatory mediation, and then did not [*2]appear at a preliminary conference or the adjourned date for the conference, resulting in entry of a default judgment in favor of plaintiff (see 22 NYCRR 202.27[a]). Defendant moved, pursuant to CPLR 5015(a)(1), to vacate the default judgment, asserting that defendant's failures to appear were not willful, but were instead the result of law office failure. Specifically, defense counsel failed to appear at the mediation conference because he inadvertently overlooked the scheduled date on the fifth page of the administrative order/mediation intake forms, and then was not aware of the scheduled preliminary conferences because a Notice of Preliminary Conference was never electronically filed on the New York State Electronic Filing System and he had not yet signed up for e-track notifications because the case was at its inception.
In the exercise of our own discretion (see Wilson v Kore Method on Gansevoort LLC, 180 AD3d 486, 486 [1st Dept 2020], citing Crespo v A.D.A. Mgt., 292 AD2d 5, 9 [1st Dept 2002]), we find that defendant offered a reasonable excuse for failing to appear at the mediation and the above referenced conferences. Defendant showed an intent to appear and litigate on the merits by timely answering the complaint, having the case transferred to New York County, and then timely responding to plaintiff's discovery demand. Accordingly, defendant demonstrated that his failure to appear was neither willful nor part of a pattern of dilatory behavior, but was purely the result of inadvertent law office failure (see e.g. Chelli v Kelly Group, P.C., 63 AD3d 632 [1st Dept 2009]; Dokmecian v ABN AMRO N. Am., Inc., 304 AD2d 445 [1st Dept 2003]; Salamone v Wyckoff Hgts. Med. Ctr., 273 AD2d 117 [1st Dept 2000]). Moreover, the short delay caused by the default, the prejudice to defendant and the lack thereof to plaintiff and the strong public policy concerns favoring adjudicating matters on their merits, all militate in favor of vacating the default, even when the excuse of law office failure is "not particularly compelling" (Marine v Montefiore Health Sys., Inc., 129 AD3d 428, 429 [1st Dept 2015]; see also Chelli, 63 AD3d at 634; Spira v New York City Tr. Auth., 49 AD3d 478 [1st Dept 2008]).
Defendant has also demonstrated a potentially meritorious statute of limitations defense (see CPLR 213[2]; General Obligations Law § 17-101).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2020