Hammond v Equinox Holdings LLC (2021 NY Slip Op 05083)





Hammond v Equinox Holdings LLC


2021 NY Slip Op 05083


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Mazzarelli, J.P., González, Scarpulla, Pitt, JJ. 


Index No. 155061/19 Appeal No. 14197 Case No. 2020-04936 

[*1]Steven Hammond, Plaintiff-Respondent,
v
Equinox Holdings LLC Doing Business as Equinox Fitness Club, etc., et al., Defendants, Michael Alexander, Defendant-Appellant.


Held & Hines, LLP, Brooklyn (Matthew Grosso of counsel), for appellant.
The Law Offices of Neal Brickman, P.C., New York (Ethan Leonard of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about October 26, 2020, which, to the extent appealed from, granted plaintiff's motion for a default judgment against defendant Alexander, unanimously reversed, on the law, the facts and as a matter of discretion in the interest of justice, without costs, the motion denied, and Alexander granted 45 days from entry of this order to answer the complaint.
Although Alexander was technically in default by failing to timely answer after appearing, plaintiff's motion for a default judgment should have been denied under the circumstances presented here. It is undisputed that the summons and complaint were never served, and Alexander's motion to change venue plainly evinced his intent to litigate this case on the merits by asserting the defense of truth to the defamation claims (see M&E 73-75 LLC v 57 Fusion LLC, 121 AD3d 528 [1st Dept 2014]). Vacatur of the default is consistent with the strong public policy favoring the resolution of cases on the merits (see Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 414 [1st Dept 2011]; see also Chelli v Kelly Group, P.C., 63 AD3d 632, 633-634 [1st Dept 2009] ["A client should not be deprived of his day in court by his attorney's neglect or inadvertent error, especially where the other party cannot show prejudice and his position has merit"] [internal quotation marks omitted]).
For the same reasons, we nostra sponte grant Alexander an extension of time to answer or move under CPLR 3012(d) (see Vines v Manhattan & Bronx Surface Tr. Operating Auth., 162 AD2d 229 [1st Dept 1990]; see also U.S. Bank N.A. v Gilchrist, 172 AD3d 1425, 1427 [2d Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021