Pavich v Pavich (2022 NY Slip Op 01519)





Pavich v Pavich


2022 NY Slip Op 01519


Decided on March 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 10, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, González, Shulman, Rodriguez, JJ. 


Index No. 655799/18 Appeal No. 15494 Case No. 2021-03159 

[*1]Joseph Pavich et al., Plaintiffs-Appellants,
v
Raymond Pavich et al., Defendants, World Cinema, Inc., Defendant-Respondent.


The Law Office of Aaron M. Schlossberg, PLLC, White Plains (Aaron M. Schlossberg of counsel), for appellants.
Gordon Rees Scully Mansukhani LLP, New York (Ryan J. Sestack of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered March 16, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for a default judgment against defendant World Cinema, Inc. (WCI), unanimously affirmed, with costs.
The motion court properly denied plaintiffs' motion in light of WCI's short delay of 14 days in filing its answer and its diligence in litigating the matter over the course of two years, as well as the lack of any prejudice to plaintiffs (see Aegis SMB Fund II, L.P. v Rosenfeld, 189 AD3d 472, 473 [1st Dept 2020]; see also Marine v Montefiore Health Sys., Inc., 129 AD3d 428, 429 [1st Dept 2015]). Indeed, because plaintiffs suffered no prejudice from the delay, denial of the motion was appropriate even despite WCI's failure to provide a compelling excuse for its failure to file its answer within 10 days of notice of entry of this Court's order on December 29, 2020 (id.; see Lamar v City of New York, 68 AD3d 449, 449 [1st Dept 2009]). Plaintiffs' assertions that WCI's failure to appear was part of a pattern of dilatory behavior and neglect are belied by plaintiffs' own submissions, which demonstrate that WCI has actively and appropriately participated in the lawsuit since its commencement (see e.g. Chelli v Kelly Group, P.C., 63 AD3d 632, 633 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2022