Hamdamova v New Dawn Tr., LLC (2022 NY Slip Op 06693)

Hamdamova v New Dawn Tr., LLC

2022 NY Slip Op 06693

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-04093
 (Index No. 507178/17)

[*1]Shirin Hamdamova, appellant, et al., plaintiff,
v
New Dawn Transit, LLC, et al., respondents.

William Pager, Brooklyn, NY, for appellant.
Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokulsingh of counsel), for respondents.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff Shirin Hamdamova appeals from an order of the Supreme Court, Kings County (Bruce M. Balter, J.), dated May 5, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint of the plaintiff Shirin Hamdamova on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint of the plaintiff Shirin Hamdamova is denied.
In this consolidated action, the plaintiffs seek to recover damages for personal injuries that they each allegedly sustained in a motor vehicle accident that occurred on December 2, 2016. The defendants moved for summary judgment dismissing the complaint of the plaintiff Shirin Hamdamova on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated May 5, 2020, the Supreme Court granted the defendants' motion. Hamdamova appeals.
The defendants failed to meet their prima facie burden of showing that Hamdamova did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendants failed to adequately refute Hamdamova's allegation, set forth in the bill of particulars, that she sustained serious injuries to both shoulders under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Melika v Caraballo, 187 AD3d 1173; Hodge v St. Eloi, 168 AD3d 690, 691; Epstein v Kachar, 166 AD3d 579, 580; cf. Staff v Yshua, 59 AD3d 614, 614). Further, the defendants failed to establish, prima facie, that the alleged injuries to Hamdamova's shoulders were not caused by the accident (see Navarro v Afifi, 138 AD3d 803, 804).
Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by Hamdamova in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint of Hamdamova.
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court