Keri v Beye (2024 NY Slip Op 00046)

Keri v Beye

2024 NY Slip Op 00046

Decided on January 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, Michael, JJ. 

Index No. 27076/19E Appeal No. 1360-1361 Case No. 2022-04335, 2023-01882 

[*1]Andras Keri, Plaintiff-Appellant,
v
Issa Beye et al., Defendants-Respondents. 

Robinson Yablon Cooper & Bonfante, LLP, New York (Jason R. Levine of counsel), for appellant.
Baker, McEvoy & Moskovits, Freeport (Stacy R. Seldin of counsel), for respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered September 28, 2022, which granted defendants' motion for summary judgment dismissing the complaint on grounds that plaintiff did not meet the serious injury threshold under Insurance Law § 5102(d), unanimously modified, on the law, to deny the motion except as to plaintiff's claim of permanent consequential injury to the spleen, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 31, 2023, which upon reargument, adhered to its prior order, unanimously dismissed, without costs, as academic.
Defendants failed to meet their initial burden on summary judgment of demonstrating that plaintiff did not sustain an injury to his spleen as a result of the accident. Defendants did not submit any medical evidence addressing the allegation in his bill of particulars that he sustained a lacerated spleen as a result of the accident (see e.g. Hoffman v Taubel, 208 AD3d 1099, 1100 [1st Dept 2022]; see also Hamdamova v New Dawn Tr., LLC, 210 AD3d 965, 965-966 [2d Dept 2022]). Defendants' radiologist did not review the CT scans of plaintiff's abdomen and pelvis taken shortly after the accident, and their orthopedist deferred any opinion on this injury to the "appropriate" specialist. However, defendants' submissions did establish that plaintiff did not sustain a permanent consequential limitation of use injury to his spleen, as he testified that he sought treatment for this injury for only two months and that it had healed (see Smith v Green, 188 AD3d 473, 474 [1st Dept 2020]; see also Vasquez v Almanzar, 107 AD3d 538, 539 [1st Dept 2013]). Plaintiff may demonstrate that he sustained an injury involving a significant, but nonpermanent, limitation of use of his spleen (id.; see Perez-Vargas v Aarron, 187 AD3d 485, 486-487 [1st Dept 2020]).
Regarding plaintiff's claimed left knee injury, defendants established prima facie entitlement to summary judgment through the affirmed report of their orthopedist, who found normal range of motion and no evidence of tenderness to palpation, swelling, or effusion on examination of the left knee (see Chawdhury v 3511 Sys. Inc., 193 AD3d 541, 541 [1st Dept 2021]). In addition, defendant's radiologist attributed the positive findings on plaintiff's MRI to long-standing degenerative joint disease rather than any traumatic etiology (see Natera v Veloz Livery Rentals, Inc., 206 AD3d 428, 429 [1st Dept 2022]; Nadim v Gadi Inc., 190 AD3d 648, 648 [1st Dept 2021]).
However, plaintiff raised a triable issue of fact in opposition through the affirmed report of his treating physician, who found reduced range of motion to flexion and other positive findings in his left knee shortly after the accident and two years later (see Vera v Islam, 70 AD3d 525 [1st Dept 2010]). The treating physician's opinion is also sufficient to raise an issue of fact as to causation and refute any findings of degenerative disease because he noted [*2]that the left knee injury was "new" and that plaintiff never had treatment for or symptoms of left knee pain before the accident (see Bianchi v Mason, 179 AD3d 567, 568 [1st Dept 2020]).
Defendants' evidence that the spleen injury healed within about two months and that the knee injury was not causally related to the accident was sufficient to meet their prima facie burden with respect to plaintiff's 90/180 day claim (see Camilo v Villa Livery Corp., 118 AD3d 586, 587 [1st Dept 2014]). However, plaintiff's deposition testimony regarding his six-month absence from work, along with his treating physician's note clearing him to work nearly six months after the accident, raised an issue of fact with respect to his 90/180-day claim (see Massillon v Regalado, 176 AD3d 600, 602 [1st Dept 2019]).
For the foregoing reasons, the appeal from the order denying reargument, which effectively granted reargument and adhered to the prior decision (see Jackson v Leung, 99 AD3d 489, 490 [1st Dept 2012]), is dismissed as academic (see e.g. Mejia v Ramos, 113 AD3d 429, 430 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2024