Anguisaca-Morales v St. Paul & St. Andrew United Methodist Church (2025 NY Slip Op 02712)

Anguisaca-Morales v St. Paul & St. Andrew United Methodist Church

2025 NY Slip Op 02712

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Scarpulla, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 156155/20|Appeal No. 4272-4273|Case No. 2024-01879 2024-07237|

[*1]Danny Anguisaca-Morales, Plaintiff-Respondent,
v
St. Paul and St. Andrew United Methodist Church, et al., Defendants-Appellants, St. Paul and St. Andrew Condominium Association, et al., Defendants. 

Mauro Lilling Naparty, LLP, Woodbury (Jennifer B. Adler of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered February 12, 2024, which, to the extent appealed from, granted plaintiff's motion for summary judgment as to liability on the Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and summary judgment denied. Order, same court and Justice, entered on or about November 12, 2024, which, to the extent appealable and not rendered moot, denied the motion of defendants St. Paul and St. Andrew United Methodist Church and Brend Restoration LLC for leave to amend their answer to assert a counterclaim for fraud, unanimously affirmed, without costs.
Plaintiff alleges that he fell from an unsecured ladder leaning against the side of a sidewalk shed bridge. Plaintiff was climbing the ladder in order to access a taller extension ladder outside of the sidewalk shed so that he could descend to the sidewalk below.
Plaintiff's testimony, together with the video footage of his accident that he reviewed during his deposition, failed to establish plaintiff's prima facie entitlement to summary judgment on his Labor Law § 240 (1) claim inasmuch as the video created a question of fact as to whether plaintiff intentionally fell and was thus the sole proximate cause of the accident (see William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [2013]; Vega v Restani Contr. Corp., 18 NY3d 499, 503 [2012]; see also Yonkers Ave. Dodge, Inc. v BZ Results, LLC, 95 AD3d 774, 774-775 [1st Dept 2012]). Because plaintiff's deposition included responses concerning the video's substantive contents, the video, which defendants submitted in opposition, was necessary to properly apprehend plaintiff's testimony in the first instance.
Defendants' appeal from Supreme Court's denial of their later motion to the extent it sought leave to renew is thus rendered moot (see e.g. Mejia v Ramos, 113 AD3d 429, 430 [1st Dept 2014]).
The court providently denied defendants' motion to amend their answer to assert a fraud claim against plaintiff, because the proposed claim was palpably insufficient. The unproven allegations of fraud against plaintiff's counsel are insufficient to support a claim for fraud against plaintiff (see Linares v City of New York, 233 AD3d 479, 480 [1st Dept 2024]). Further, defendants failed to plead justifiable reliance or resulting damages (see Breton v Dishi, 234 AD3d 432, 432-433 [1st Dept 2025]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025